**UNITED STATES of America for the use of FLOW ENGINEERING, INC.,**
Plaintiff,

v.

**CONTINENTAL CASUALTY COMPANY, Malan Construction Corporation, Dean Construction Company, Inc., Malan-Dean Corp., and John R. Monsell, Individually and t/a John R. Monsell Company, Defendants.**

Civ. No. 836-60.

United States District Court
D. New Jersey.
June 15, 1961.

Kahn, Schildkraut & Levy, Nathan Schildkraut, Trenton, N. J., for plaintiff; Melvin Lashner, Philadelphia, Pa., of counsel.

Albert B. Melnik, Camden, N. J., for defendants Margaret D. and John R. Monsell.

Katzenbach, Gildea & Rudner, George Gildea, Trenton, N. J., for Continental Cas. Co., and others; Joseph Neff Ewing, Jr., Philadelphia, Pa., of counsel.

LANE, District Judge.

This is a Miller Act proceeding (40 U.S.C.A. § 270a et seq.) filed on behalf of Flow Engineering, Inc., a supplier, against Continental Casualty Company, Malan Construction Corporation, Dean Construction Company, Inc., Malan-Dean Corp., and John R. Monsell, individually and t/a John R. Monsell Company. The defendants (except Monsell, who admittedly is primarily liable) move for dismissal of the action because (1) plaintiff did not give the contractor the written notice within 90 days from the date it furnished the last of the material for which claim is made, as is required by the Miller Act; (2) the amendment of the complaint made by plaintiff at the pretrial conference sets forth a cause of action at common law over which this court has no jurisdiction.

Plaintiff has filed a cross motion for summary judgment, alleging that as a matter of law proper notice was given. The parties have agreed as to the facts and have submitted the matter on briefs.

Defendants Malan Construction Corporation and Dean Construction Company, Inc., as general contractors, entered into a contract on November 22, 1957, with the Navy for work at the Navy Turbine Station in Trenton, New Jersey; on the same day, these defendants sublet the contract to their affiliate corporation, defendant Malan-Dean Corp., and thereafter Malan Construction Corporation and Dean Construction Company, Inc., as principals, and Continental Casualty Company, as surety, executed a bond as required by the Miller Act; on January 14, 1958, defendant Malan-Dean Corp. entered into a written agreement with defendant Monsell, trading as John R. Monsell Company as subcontractors, to supply the electric and instrumentation material; thereafter said subcontract was modified to the extent that defendant Monsell was to submit to defendant Malan-Dean Corp. all invoices that Monsell received for material delivered to the air station, and defendant Malan-Dean Corp. was to pay such material men, or in lieu thereof, Monsell was to submit to Malan-Dean the invoices as received by him, together with Monsell's check payable to the material men and thereupon defendant Malan-Dean Corp. was to make available such sums to Monsell to meet the checks so delivered to Malan-Dean, whereupon Malan-Dean would mail the checks directly to the material men; plaintiff Flow delivered as ordered by Monsell certain materials, equipment, etc., to be used on the job, in the sum of $5,603.62, and Monsell gave to defendant Malan-Dean within 90 days from the date of delivery of these materials Monsell's check No. 8457, dated July 23, 1959, in the said sum of $5,603.62, payable to Flow Engineering, Inc.; Malan-Dean did not, however, give over to Monsell in accordance with its agreement aforesaid, moneys in the sum of $5,603.62 and did not transmit to plaintiff Flow Monsell's check No. 8457 until some time after the institution of this action.

Whether the transaction involving check No. 8457 constitutes notice from the supplier, Flow, to the general contractor is the first question for determination. Section 2(a) of the Miller Act [40 U.S.C.A. § 270b(a)] requires that any party having direct contrac-

tual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the bond shall have a right of action upon the bond only upon giving written notice to the contractor within 90 days from the date on which that party supplied the last of the material for which claim is made. Plaintiff Flow makes no contention that it took any action pertaining to notice within that period. It relies upon the transactions between subcontractor Monsell and contractor Malan-Dean as constituting notice or obviating the necessity for notice. Plaintiff relies on the delivery by Monsell to Malan-Dean of a copy of plaintiff's invoice together with Monsell's own check in payment thereof with the understanding that Malan-Dean would pay Monsell enough to cover the check and then forward Monsell's check to plaintiff.

 It would seem clear that this was not sufficient. Written notice must be given by the supplier to the contractor in such a manner that it is obvious that the supplier is looking to the contractor for payment. There are innumerable cases involving a wide variety of fact situations in which decisions have been made on this point to the effect that notice must come from the supplier itself and that notification, of whatever nature, from the subcontractor to the contractor is not sufficient.

In Bowden v. United States, 9 Cir., 1956, 239 F.2d 572, 577, certiorari denied 1957, 353 U.S. 957, 77 S.Ct. 864, 1 L.Ed. 2d 909, plaintiff's supplier was barred from recovery on the Miller Act bond because of failure to give the 90-day notice under circumstances relevant here. There, after the subcontract was completed, the prime contractor was still indebted to the subcontractor. A meeting was held between their representatives and an understanding was reached whereby all creditors whose claims were less than $1,000 would receive payment in full and those whose claims exceeded $1,000 would receive 50% of their bills,—checks for payments to be drawn by the contractor payable to the joint order of the subcontractor and its respective creditors. Plaintiff supplier was one of the creditors claiming more than $1,000. The contractor issued checks in accordance with this understanding and the subcontractor endorsed plaintiff supplier's check to plaintiff. Plaintiff supplier then instituted suit against the contractor and its surety on the Miller Act bond to recover the other 50% of its claim. The district judge found that the letter from the subcontractor to the contractor setting forth the amounts due its suppliers, which formed the basis on which the contractor drew the checks, constituted written notice as required by the Act. The Court of Appeals reversed, stating:

> "We think the teaching of the cases which have dealt most soundly with questions regarding the sufficiency of notice when it is required to be given by Section 270b (a) may be fairly summarized as follows: The giving of the written notice specified by the statute is a condition precedent to the right of a supplier to sue on the payment bond; the writing must be sent or presented to the prime contractor by or on the authority of the supplier; and the writing must inform the prime contractor, expressly or by implication, that the supplier is looking to the contractor for payment of the subcontractor's bill."

The second issue for determination presents a more difficult problem. Defendants contend that the amendment to the complaint alleging a common-law cause of action should not be allowed to remain in court upon the dismissal of the Miller Act action, for the reason that the common-law cause of action, standing alone, presents no independent jurisdictional grounds. No doubt the common-law action would fail if it were the only action alleged because it lacks independent jurisdictional grounds. Whether or not it can remain in this court after a dismissal of the Miller

Act cause of action depends on the extent of the doctrine of pendent jurisdiction as developed in Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L. Ed. 1148 and Romero v. International Terminal Operating Co. et al., 1959, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368.

It is our conclusion that the common-law action must also be dismissed. The Miller Act gives very limited jurisdiction and the jurisdictional requirements must be fully met. To allow pendent jurisdiction when the Miller Act claim fails would tend to defeat the intent and purpose of the Act and leave before this Court for trial matters that lack fundamental jurisdictional requisites.

It is, on this 15th day of June, 1961, ordered that defendants' motion for summary judgment be and hereby is granted, without costs; and that plaintiff's cross motion for summary judgment be and hereby is denied, without costs.