The UNITED STATES of America, to the Use of MONAHAN INSULATION COMPANY, Inc.

v.

ACME MISSILES & CONSTRUCTION CORPORATION, a Delaware corporation, and Continental Casualty Company, an Illinois corporation.

Civ. A. No. 63–379.

United States District Court
W. D. Pennsylvania.

Sept. 25, 1963.

As Modified Sept. 30, 1963.

Robert W. Smiley, Pittsburgh, Pa., for plaintiff.

Frank J. Gaffney, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

This is a civil non-jury action under what is commonly known as the Miller Act, 40 U.S.C.A. § 270a et seq.

5.  P–2 has been received in evidence.

The defendant, Acme Missiles & Construction Company, is a general contractor who agreed to erect and construct a radar tower facility for the United States of America and the defendant, Continental Casualty Company, is a surety who executed the performance bond required under said law.

The plaintiff is a sub-subcontractor who provided labor and material for the installation and insulation of heating ducts and heating piping in accordance with the plans and specifications provided by the contract between the defendant, Acme Missiles, and the United States of America.

## DISCUSSION

The following questions are posed:

1. *Does the United States District Court for the Western District of Pennsylvania have jurisdiction of the subject matter of the within suit, and was the within action commenced within the time prescribed to the Miller Act?*

█ The Miller Act specifically provides that a surety bond shall be issued for the protection of all persons supplying labor and materials, and the prosecution of all work provided for in a contract with the United States of America for the use of each such person.

The law further provides that any person who has not been paid in full before the expiration of a period of one year after the day on which the labor or material was done or furnished by said person, shall have the right to institute action on a surety bond for the balance due.

I conclude that compliance was made to said provisions of law and that the action was instituted within the period of one year after the day on which the last of the labor was done and material furnished by the plaintiff. Under the circumstances, jurisdiction exists in the United States District Court for the Western District of Pennsylvania.

2. *What was the amount of the contract between Monahan Insulation Company, Inc., and Acme Missiles & Construction Corporation, and did Morton I. Fiedler act as an agent of Acme or was there a joint enterprise between Monahan and Fiedler on behalf of Acme and agreed to by Acme?*

█ (a) After the subcontract was entered into between Acme and Fiedler, Fiedler approached Monahan relative to the performance of part of said contract. Considerable discussion existed between said parties as to the cost of the work and materials and, after an extensive evaluation and computation was made by Monahan, the amount agreed between Monahan and Fiedler was $5,400.00.

(b) When Monahan was first approached by Fiedler, he hesitated to deal with him due to the credit and financial status of Fiedler, and it was understood that Monahan would perform the contract if Acme would be responsible to Monahan. A purchase order was issued by Fiedler to Monahan whereby Monahan was to charge to—

"Fiedler's, Inc.
c/o Acme Missiles & Construction Corporation
43 North Village Avenue
Rockville Center, New York"

The conclusion is required that Acme was fully informed and aware of the relationship and approved the actions of Fiedler as its representative or agent. However, if the Court is in error in reaching such conclusion, I find that Fiedler and Monahan entered into a joint enterprise to perform part of the contract previously entered into between Fiedler and Acme, that Acme had full knowledge of the relationship and impliedly approved the performance of said part of the contract.

A check in the amount of $2,900.00 was issued to Fiedler and Monahan which was not endorsed by Fiedler. This confirms the fact that Acme recognized its responsibility to Monahan.

3. *If agency or joint enterprise does not exist, was a subsequent oral contract entered into by Acme with Monahan for the completion of the work or materials and labor to be furnished by Monahan?*

■ It was called to the attention of Monahan by representatives of the government that the work and materials furnished by Monahan were not in accordance with the plans and specifications and this condition was discussed by Monahan with the superintendent of Acme. Acme's representative was advised that Monahan would have to incur additional labor and material costs in excess of $200.00 to perform the contract as required. Acme's superintendent was also advised there was an additional amount of $1,000.00 due on the contract for the performance of the work being performed by Monahan.

The representative of Acme advised Monahan, and the testimony is not disputed, that if Monahan would proceed to complete his responsibilities as required, Acme would make payment of the balance of $1,000.00. Based on this representation, Monahan did complete the contract and Acme has refused to pay the additional amount of $1,000.00. I therefore conclude that if the original amount of the contract was not $5,400.00 or that Fiedler did not act as agent of Acme, or that a joint enterprise did not exist between Monahan and Fiedler with Acme, that a new oral contract was entered into between Acme and Monahan which created a responsibility of $1,000.00 on the part of Acme and the surety to Monahan.

4. *Were the labor and materials furnished required under the original contract or were the services performed a correction of deficient or improper work on the part of Monahan?*

■ The work performed by Monahan was required under the plans and specifications and was not a correction or change of work previously performed.

## FINDINGS OF FACT

1. The use plaintiff, Monahan Insulation Company, Inc., is a Pennsylvania corporation with its principal office and place of business at 1018 Saw Mill Run Boulevard, Pittsburgh, Allegheny County, Pennsylvania.

2. The defendant, Acme Missiles & Construction Corporation, is a corporation with its principal office and place of business at 43 North Village Avenue, Rockville Center, New York.

3. The defendant, Continental Casualty Company, is a corporation authorized to do business in Pennsylvania with its place of business in Allegheny County at 312 Stanwix Street, Pittsburgh, Pennsylvania.

4. On March 29, 1961, the United States of America entered into Contract No. Da-36-058-Eng 5010 with Acme Missiles & Construction Corporation for the erection and construction of a radar tower facility known as Missile Master Project at Oakdale, Allegheny County, Pennsylvania.

5. In compliance with Federal statutes under the Act of August 24, 1935, 49 Stat. 793, as amended, regarding contracts with the United States Government, the defendant, Acme Missiles & Construction Corporation, and Continental Casualty Company, the defendant as surety, on the 29th day of March, 1961, executed and delivered to the United States of America a Bond in the amount of $465,411.00 conditioned for the payment of materials furnished and labor supplied or performed in the prosecution of the aforesaid erection and construction of a radar tower facility at or near Oakdale, Allegheny County, Pennsylvania.

6. The use plaintiff submitted a bid to Acme Missiles & Construction Corporation for the insulation work required under said contract in the sum of $5400.-00 which was accepted by Fiedler's, Inc., as the agent, servant, employee or authorized representative of Acme Missiles & Construction Corporation for that purpose.

7. Beginning on January 4, 1962, and continuing from time to time through June 23, 1962, the use plaintiff, Monahan Insulation Company, Inc., provided certain labor and material to install the insulation of the heating ducts and all insulation on all heating piping as per

plans and specifications in Contract Da-36-058-Eng 5010 between Acme Missiles & Construction Corporation and the United States Government dated March 29, 1961, in accordance with a written purchase order delivered to the use plaintiff which provided that the contract price of $5400.00 for said labor and materials was to be charged to Acme Missiles & Construction Corporation as principal.

8. Eighty per cent of the work of the use plaintiff on this contract was in and about a tower-type building and twenty per cent of said work was in and about an adjoining control center building.

9. The work of the use plaintiff on the tower-type building was completed and a portion of the work on the control center building was performed near the end of February, 1962.

10. On February 19, 1962, the use plaintiff sent a statement to Acme Missiles & Construction Corporation to the attention of Mr. Reese at the office of Acme Missiles & Construction Corporation in Rockville Center, New York, for the entire contract price of $5400.00, less ten per cent retention of $540.00.

11. On March 8, 1962, the use plaintiff received $1500.00 on account and on April 17, 1962, the use plaintiff received $2900.00 on account for labor and materials performed by it under this contract, leaving a balance due on said contract in the sum of $1,000.00. The payment of $1500.00 was received directly from Fiedler's, Inc., the agent for Acme Missiles & Construction Corporation, and the payment of $2900.00 was received directly from Acme Missiles & Construction Corporation.

12. Said payments were made to the use plaintiff after the approval of its work on this contract by Mr. Reese, superintendent for Acme Missiles & Construction Corporation, and the United States Army Corps of Engineers.

13. The use plaintiff continued to supply materials and perform labor on said contract through April and May of 1962 during which time there still remained a balance due on said contract in the sum of $1,000.00.

14. During May and the early part of June, 1962, the defendant, Acme Missiles & Construction Corporation, through its authorized agents and representatives, Mr. Borer and Mr. Reese, promised to pay the use plaintiff the $1,000.00 balance due on said contract upon the completion by the use plaintiff of certain items of work on a "punch list" prepared by the United States Army Corps of Engineers. This work was the completion of the insulation by installing aluminum elbows on exposed piping under the control center building.

15. In reliance of said promise to pay the balance due under said contract in the sum of $1,000.00, the use plaintiff ordered the materials and installed the aluminum elbows to complete the work in its contract with Acme Missiles & Construction Corporation in a good and workmanlike manner on June 23, 1962.

16. The use plaintiff has not received the balance due under said contract from Acme Missiles & Construction Corporation in the sum of $1,000.00.

17. The use plaintiff has made demands for said $1,000.00 from the defendant, Acme Missiles & Construction Corporation, and the defendant, Continental Casualty Company, as co-obligator on the Labor and Materialmens Bond.

## CONCLUSIONS OF LAW

1. The United States District Court for the Western District of Pennsylvania has jurisdiction of the within action in accordance with the provisions of the Act of August 24, 1935, 49 Stat. 793, 40 U.S. C.A. § 270a et seq., known as the Miller Act.

2. At all times referred to in this case, Morton I. Fiedler, trading as Fiedler's or Fiedler's, Inc., was acting as the agent, servant, employee or duly authorized representative of the defendant, Acme Missiles & Construction Corporation.

3. If an agent or relationship did not exist between Fiedler and Acme, Fiedler

and Monahan entered into a joint enterprise with Acme.

4. A contract existed between the use plaintiff and Acme Missiles & Construction Corporation wherein and whereby Monahan Insulation Company, Inc., was to do certain insulation work for Acme Missiles & Construction Corporation in the performance of its contract with the United States of America, and in consideration thereof, Acme Missiles & Construction Corporation was to pay Monahan Insulation Company, Inc., the agreed sum of $5400.00.

5. If an agency relationship or joint enterprise does not exist, a firm oral contract is entered into between Acme and Monahan for the completion of work required under the contract with the United States of America on condition that the amount of $1,000.00 be paid by Acme to Monahan.

6. Monahan Insulation Company, Inc., performed its work for Acme Missiles & Construction Corporation in a good and workmanlike manner, providing its last labor and material on June 23, 1962.

7. The within action was commenced in this Court within one year from the date when the use plaintiff performed its last work on said contract for the defendant, Acme Missiles & Construction Corporation.

8. There is justly due and owing to Monahan Insulation from Acme Missiles & Construction Corporation the balance due under said contract in the sum of $1,000.00, together with interest thereon from June 23, 1962.

9. There is justly due and owing to Monahan Insulation Company, Inc., from Continental Casualty Company as co-obligator on its Bond to the United States of America, the sum of $1,000.00, together with interest thereon from June 23, 1962.

10. Judgment should, therefore, be in favor of Monahan Insulation Company, Inc., and against Acme Missiles & Construction Corporation and against Continental Casualty Company in the sum of $1000.00 together with interest thereon from June 23, 1962 in the sum of $68.48, or a total judgment of $1,068.48. All costs are to be paid by the defendants.

An appropriate Order is entered.