UNITED STATES of America for the Use
of A. & J. FRIEDMAN SUPPLY
CO., Inc., Plaintiff,

v.

M. S. I. CORPORATION et al.,
Defendants,

v.

YORKSHIRE INSURANCE CORP.,
Third-Party Defendant,

Felix J. Rospond et al., Added Third-
Party Defendants.

Civ. A. No. 97-65.

United States District Court
D. New Jersey.

Oct. 20, 1965.

Gurtman & Schomer, by Aaron Z Schomer, Passaic, N. J., for plaintiff.

Stickel & Stickel, by Harold M. Kain, Newark, N. J., for defendants M. S. I. Corp. and American Cas. Co. of Reading, Pa.

WORTENDYKE, District Judge.

In this Miller Act case, the Court's jurisdiction rests upon 40 U.S.C. § 270a et seq.

The use plaintiff (Friedman) supplied materials to a subcontractor under a prime contract between M.S.I. Corporation and the United States Veterans' Administration for the construction of a Restoration Center at the United States Veterans' Hospital located in East Orange, in this District. M.S.I. subcon-

tracted the plumbing work to the added third-party defendant V. W. Rospond, Inc., which was thereafter adjudicated a bankrupt, and in place of which there has been substituted as a defendant, to the cross-claim of M.S.I., Harry A. Margolis, its Receiver. He appeared by counsel and has filed an answer to the amended complaint which does not raise an issue upon Rospond's alleged indebtedness to Friedman, but puts plaintiff to its proof of the balance due thereon.

The use plaintiff furnished Rospond with materials for the plumbing contractor's use in performing its contract. These materials were delivered on various dates during a period commencing June 17, 1963 and alleged by the plaintiff to have terminated on February 26, 1964. The materials as furnished were carried upon a book account maintained by the plaintiff, against Rospond, showing successive charges for the materials delivered and certain credits for partial payments made against or adjustments of those charges.

Purporting to comply with the provisions of 40 U.S.C. § 270b(a), the use plaintiff, having a direct contractual relationship with the plumbing subcontractor, but no contractual relationship with M.S.I., the prime contractor, who had filed a payment bond, sent to M.S.I. by registered mail, a written "Notice of Claim" verified May 14, 1964, that plaintiff had furnished to Rospond, the plumbing subcontractor of M.S.I., materials which had been used in the performance of the prime contract with the Veterans' Administration and that the amount of the plaintiff's demand "after deducting all just credits and offsets" was the sum of $9,544.36, as shown by a statement of the claimant's account with Rospond annexed to the notice of claim. That statement of account disclosed that the last delivery of materials by the plaintiff to Rospond was made on January 23, 1964. The notice of claim was actually received by M.S.I. on May 15, 1964, more than ninety days after the date of the last delivery shown upon that statement.

Under date of May 26, 1964, counsel for M.S.I. wrote to counsel for plaintiff, acknowledging M.S.I.'s receipt of the notice of claim and stating that "it appears from the invoices attached to the notice of claim that the last material furnished or work performed was on January 23, 1964, which is more than 90 days prior to the notice." The letter further stated that the notice was not within time, and that the claim was rejected by M.S.I. To this letter counsel for the plaintiff purported to reply by his letter of July 22, 1964, advising that the statement of the book account annexed to the notice of claim was in error, and that the last four items delivered to the job were made, respectively, on February 3, 20, 21 and 26, 1964, and each item was supported by a stated invoice number of the plaintiff. The same letter further advised that the stated four items were posted on the books of the plaintiff on February 28, 1964 and therefore that the notice of claim was valid as within time. The invoice numbers set forth in the letter last referred to were included in those set forth in the statement of the book account annexed to the notice of claim, but not in the chronological order appearing in the latter, nor against the dates therein stated. Copies of these four invoices, bearing the respective order dates set forth in the letter, were enclosed therewith. Only one of them (No. A–82661, dated February 21, 1964) bears a shipping date, which is the same as the date of the order.

The complaint filed in this action on January 28, 1965, has annexed thereto a revised statement of plaintiff's book account with Rospond; the date of the last four items charged being shown thereon as February 28, 1964, and not January 23, 1964, as shown in the original "notice of claim".

On July 30, 1965 plaintiff filed a notice of motion for summary judgment in favor of Friedman against the defendants M.S.I. Corporation, American Casualty Company of Reading, Pa., and Harry A. Margolis, Receiver for Vincent W. Rospond, Inc. The notice of motion stated

that the use plaintiff would rely upon the affidavit of its vice-president annexed to the notice. The affiant therein states, *inter alia*, that between June 17, 1963 and February 26, 1964 plaintiff sold and delivered to Rospond plumbing and/or heating materials as set forth in the copy of the plaintiff's book account with Rospond, annexed to the affidavit. With respect to the materials set forth in the four invoices hereinabove referred to, movant's affidavit states that they were delivered to the plumbing subcontractor, Rospond, on February 3, February 21, February 20 and February 26, respectively, and were posted upon the books of the use plaintiff on February 28, 1964. The affidavit further shows that the statement of the book account annexed to the notice of claim by the use plaintiff, mailed to M.S.I., the general contractor, erroneously disclosed that the materials listed upon the last four invoices were sold on January 23, 1964 whereas in fact they were sold on February 26, 1964. The same affidavit adds that "on April 9th 1964 written notice was given to the general contractor by Gurtman & Schomer, attorneys for plaintiff, advising it that there was due to plaintiff for plumbing and heating materials furnished to Vincent W. Rospond, Inc., for use in the erection and construction of the aforementioned building, the sum of $9,544.36 and requesting of said general contractor a photostat of the payment bond executed in this matter." Annexed to the affidavit and designated "Schedule D" is what purports to be a copy of the letter last referred to.

In opposition to the movant's affidavit, M.S.I. has filed an affidavit by its president, Fred Kaplan, which verifies the receipt by M.S.I. on May 15, 1964 of plaintiff's notice of claim hereinbefore referred to, but neither admits nor denies the receipt by M.S.I. of the letter of April 9, 1964 from Gurtman & Schomer, attorneys for the use plaintiff.

A host of judicial decisions has established the general principle that while compliance with the 90-day notice requirement prescribed by 40 U.S.C. § 270b(a) is a condition precedent to the right of a material supplier to maintain an action against the prime contractor and the surety upon its bond, a liberal construction of the notice requirement and the manner of giving the same is required by the obvious intent of the legislation. There being no contractual privity between the plaintiff material supplier and the prime contractor or its surety, it is essential that the prime contractor and its surety have reasonably timely notice of the claim of the supplier of the subcontractor in order that sufficient moneys may be kept available out of the appropriation made by the governmental agency to meet the subcontractor's obligation to the material supplier. The Congress has legislatively determined that a period of ninety days next succeeding the delivery of the last item of supplies to the subcontractor is a reasonable period within which the prime contractor and its surety should be given notice of the actual or prospective claim.

I find that M.S.I. received *actual* written notice of the use plaintiff's claim in the form of the letter dated April 9, 1964, from the attorneys for the use plaintiff. That date was within the 90-day period prescribed by the statute, even if we assume that the subsequent notice of claim received on May 15, 1964 erroneously stated that the last delivery or deliveries were made on January 23. There has been no contradiction of plaintiff's affidavit that January 23, 1964 was erroneously set forth in the statement of the book account annexed to the notice of claim through error or oversight. Since this action was instituted, plaintiff's direct debtor, Rospond, has been adjudicated a bankrupt.

Is the technical error in the notice of claim to be availed of by the prime contractor and its surety as a means of depriving the use plaintiff of his recourse against them? This question requires a negative answer.

The use plaintiff, having no contractual relationship express or implied, with the prime contractor who furnished the payment bond, clearly gave written notice

to the prime contractor within ninety days from the date upon which the use plaintiff furnished or supplied the last of the material for which it makes claim. That notice stated with substantial accuracy the amount claimed and the name of the subcontractor to whom the material was furnished or supplied. How that notice was served is irrelevant for the reason that it was composed and mailed and there is no denial of its receipt. The condition precedent prescribed in the statute for the use plaintiff's institution and maintenance of the present action has been complied with. There has been no showing that either the prime contractor or the surety on its bond has been prejudiced in any degree by the form in which the prime contractor was initially notified of the nature and amount of the use plaintiff's claim.

 As was stated in McWaters and Bartlett v. United States, 10 Cir. 1959, 272 F.2d 291, at 294:

"All the cases hold that the Miller Act, being remedial, must be liberally construed to effectuate the purposes of the Act. Written notice there must be. But while the Act requires written notice, it does not require notice in any particular form."

There is no genuine issue of fact respecting the receipt by the prime contractor of a timely notice of the use plaintiff's claim. Cf. United States for Use and Benefit of Austin v. Western Electric Co., Inc., 9 Cir. 1964, 337 F.2d 568. The present case is rather like T. F. Scholes, Inc. v. United States, 10 Cir. 1961, 295 F.2d 366.

 M.S.I. and its surety argue that the use plaintiff's alleged relationship to the plumbing contractor, Rospond, is not conclusively disclosed by the evidence upon this motion. It argues that that evidence is susceptible of an inference that the materials for which the use plaintiff seeks payment were furnished under more than one contract between it and Rospond. The evidence amply discloses that the materials furnished were upon a book account for goods sold

and delivered extending over a period of months, and that the materials were delivered to the job in question pursuant to orders received. Goods purchased on an open account necessarily involve a contract between the buyer and seller. Where, as here, all of the goods in a series of deliveries by the materialman to the subcontractor of the Government project are used at that project, notice by the materialman to the prime contractor of non-payment by the subcontractor for materials furnished by the materialman is in time as to all deliveries if it is given within ninety days from the date of last delivery. Noland Co., Inc. v. Allied Contractors Incorporated, 4 Cir. 1959, 273 F.2d 917.

The Receiver of the plumbing contractor did not appear or oppose the plaintiff's present motion. However, the Receiver filed, on May 18, 1965, an answer to the amended complaint, in behalf of the bankrupt, in which he affirmatively pleaded that "upon information and belief, in violation of its agreement with V. W. Rospond, Inc., the plaintiff failed to properly perform its * * * agreement, and the General Contractor, M.S.I. Corporation has raised an issue with respect to certain of the materials delivered by Plaintiff to V. W. Rospond, Inc., to wit, the shower receptors." In opposition to plaintiff's pending motion for summary judgment M.S.I. also filed an affidavit of its Assistant Project Manager, from which it appears that the shower receptors which Rospond had subcontracted with M.S.I. to install had not been properly molded or altered, in accordance with the plans and specifications governing Rospond's contract, and that M.S.I. was required to have the receptors cut down, and back-charged the expense of so doing to Rospond. There is no counterclaim by Rospond's Receiver against the plaintiff in this action. Friedman's verified book account is not refuted.

Plaintiff's motion for summary judgment against M.S.I. Corporation, American Casualty Company of Reading, Pa., and Harry A. Margolis, Receiver for Vincent W. Rospond, Inc. will be granted.