UNITED STATES of America for the Use
and Benefit of **T SQUARE EQUIP-
MENT CORP.**, Plaintiff,

v.

**GREGOR J. SCHAEFER SONS, INC.** and
Royal Indemnity Company,
Defendants.

Civ. A. No. 63–C–1334.

United States District Court
E. D. New York.

May 9, 1967.

Philip Smith, New York City, for plaintiff.

M. Carl Levine, Morgulas & Foreman, New York City, for defendants; Albert Foreman, New York City, of counsel.

MISHLER, District Judge.

This is a claim under the Miller Act, 40 U.S.C. § 270b (1964) for work, labor, services and materials furnished by the plaintiff in connection with the heating and ventilation system at the United States Naval Reserve Training Center in Whitestone, Borough of Queens, New York.

The defendant, Gregor J. Schaefer Sons, Inc. (Schaefer), was awarded the general contract for the construction of an addition to the Whitestone Armory. On February 8, 1962, Schaefer entered into a subcontract with the plaintiff, T Square Equipment Corp. (T Square), whereby the latter agreed to perform certain plumbing work. The court finds that T Square substantially performed its obligations under the contract.

The present action was commenced by the filing of a complaint in the clerk's office on December 18, 1963. Paragraph No. 8 of that document states:

One year has not elapsed from the date on which the last of the labor was performed or material was supplied.

That allegation has been put in issue by the defendants' answers.

In its brief, T Square argues that the statutory period prescribed in section 270b(b) starts to run "after the date of final settlement" (citing United States ex rel. B. Katchen Iron Works, Inc. v. Standard Acc. Ins. Co., 257 F.2d 78 (3d Cir. 1958). This was true until August 7, 1959, when the above section was amended by Public Law 86–135, 73 Stat. 279 to read " * * * one year after the day on which the last of the labor was performed or material was supplied * * *."

The last day that T Square performed any work or delivered any materials pursuant to its contract was October 19, 1962, at which time it installed asbestos covering around the pipes. Although T Square's supervisor, Vito J. Di Vittorio, visited the Armory on three subsequent occasions, on none of those visits did he perform any services under the contract within the meaning of the Act. On December 19th, he came to check the boiler's capacity to deliver the pressure required for the operation of the installation. He returned to the premises on December 21st to test the operation of the valve and circulator to see whether they provided sufficient mechanical action to circulate the hot water through the system. Finally, on December 27th, Mr. Di Vittorio was present at a test performed for the naval authorities.

These visits were not made for the purpose of performing any services under the contract, but rather they constituted T Square's response to Schaefer's demands that the former rectify and complete the contract.

While the Miller Act is to be liberally construed in order to protect those whose labor and materials go into public projects, a court cannot disregard the clearly expressed limitation contained in Section 270b(b). United States ex rel. Austin v. Western Elec. Co., 337 F. 2d 568, 572 (9th Cir. 1964); United States ex rel. Charles R. Joyce & Son v.

F. A. Baehner, Inc., 326 F.2d 556 (2d Cir. 1964). Neither the inspection of work already installed, nor the correction of defective work, will extend the statutory period. United States ex rel. Austin v. Western Elec. Co., supra at 572–573; United States ex rel. Circle-L-Elec. Co. v. Hyde Constr. Co., 255 F.Supp. 335, 342 (N.D.Okla.1964); United States ex rel. McGregor Architectural Iron Co. v. Merritt-Chapman & Scott Corp., 185 F.Supp. 381, 383 (M.D.Pa.1960).

■ T Square's argument that its failure to commence its action within the limitation period must be alleged as an affirmative defense is rejected. The commencement of an action within the time period is a condition precedent to the maintenance of the suit, and must be pleaded and proved by the plaintiff. United States ex rel. Berkowitz v. Frankini Constr. Co., 139 F.Supp. 153, 154 (D.Mass.1956); see also, United States ex rel. Dover Elevator Co. v. General Ins. Co., 339 F.2d 194, 195 (6th Cir. 1964).

■ The disposition of Schaefer's counterclaim, however, presents a more difficult problem. Jurisdiction in this case is based upon T Square's claim under the Miller Act for work, labor and services. Schaefer, in turn, counterclaims for damages stemming from T Square's alleged failure to perform its work in a good, workmanlike and expeditious manner. Since the counterclaim arises out of the same transaction that is the subject matter of the complaint, and does not require for its adjudication the presence of any third party of whom the court cannot acquire jurisdiction, it constitutes a compulsory counterclaim and is within the court's ancillary jurisdiction unless the federal claim stated in the complaint is so insubstantial as to be frivolous. Fed.R. Civ.P. 13(a); Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926); United States ex rel. Los Angeles Testing Lab. v. Rogers & Rogers, 161 F.Supp. 132, 134 (S.D. Cal.1958).

■ While compulsory counterclaims lacking independent grounds of jurisdiction must be dismissed if the plaintiff's claim is dismissed for lack of federal jurisdiction, see Manufacturers Cas. Ins. Co. v. Arapahoe Drilling Co., 267 F.2d 5, 8 (10th Cir. 1959); 3 J. Moore, Federal Practice ¶ 13.15 [1] (2d ed. 1966), T Square's claim was not dismissed on such grounds, but rather because its action was untimely. See, United States ex rel. Monahan Insulation Co. v. Acme Missiles & Constr. Corp., 221 F.Supp. 733, 734 (W.D.Pa. 1963); United States ex rel. B. Katchen Iron Works, Inc. v. Standard Acc. Ins. Co., supra. Cf., United States ex rel. Flow Eng'r, Inc. v. Continental Cas. Co., 195 F.Supp. 177, 179–180 (D. N.J.1961). Therefore, the real issue is whether the court should exercise pendant jurisdiction over Schaefer's counterclaim. Several factors compel the court to decline to exercise such jurisdiction in this case. See, United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

First, since the federal claim is dismissed for the failure to satisfy a condition precedent, this case could have easily been disposed of before the trial stage. It would smack of the " * * * tail wagging the dog * * * " if the court were to go on to decide the state claim. See, McFaddin Express Co. v. Adley Corp., 346 F.2d 424, 427 (2d Cir. 1965); O'Neill v. Maytag, 339 F.2d 764, 767 (2d Cir. 1964); H. M. Hart & H. Wechsler, Federal Courts and the Federal System 807–09 (1953).

■■ Second, the " * * * recognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect on a state law case." United Mine Workers v. Gibbs, supra at 727, 86 S.Ct. at 1139–1140. In considering whether to exercise pendant jurisdiction, a court should not only consider the elements of fairness, convenience and economy, but also the proper function of a federal court in our federal system.

See, Shulman & Jaegerman, Some Jurisdictional Limitations on Federal Procedure, 45 Yale L.J. 393 (1936).

And, finally, the same reasoning that would favor the exercise of jurisdiction here could be used to nullify the time limitation contained in 40 U.S.C. § 270b (b) (1964), and support other related claims which would otherwise be heard in the state courts. Moreover, if a claim such as T Square's could invoke a federal court's ancillary jurisdiction, it is arguable that a court should not only decide Schaefer's counterclaim on the merits, but also should permit T Square to amend its complaint to conform to the evidence and assert its state claim for breach of contract.

 United States ex rel. Circle-L-Elec. Co. v. Hyde Constr. Co., supra, is an analogous case which appears to support a very liberal view toward pendant jurisdiction. In that case, the plaintiff set forth seven claims under the Miller Act; on five of the claims the plaintiff was denied recovery on the merits, but the other two were dismissed because they were not instituted within the required time. After the trial, the plaintiff moved to amend the pleadings to conform to the proof, and to secure judgment on the latter two claims, basing its requests upon the court's pendant jurisdiction. The court permitted the amendment, and gave the defendant leave to assert any new defenses. Thus, in *Circle-L*, the court actually considered the merits of five substantial federal claims upon which ancillary jurisdiction could be predicated. In this case, on the other hand, the only claim upon which such jurisdiction could be based is one which is barred by the statutory limitation. In such circumstances, a court, in its discretion, should decline to exercise pendant jurisdiction, leaving the parties to pursue their remedies, if any, in the state courts.

Accordingly, the plaintiff's claim is dismissed as untimely, and the defendant's counterclaim is dismissed for failure to state an independent ground of jurisdiction.

The clerk is directed to enter judgment dismissing both the claim and the counterclaim.