**UNITED STATES for the Use of ACME TRANSFER & TRUCKING COMPANY, a Wisconsin corporation, Plaintiff,**

v.

**H. S. KAISER, INC., an Illinois corporation, and United Pacific Insurance Company, a Washington corporation, as Surety, Defendants.**

No. 66–C–78.

United States District Court
E. D. Wisconsin.

June 30, 1967.

James B. Crook, Jr., Milwaukee, Wis., for plaintiff.

James O. Huber, Milwaukee, Wis., and Herbert Morton, Chicago, Ill., for defendants.

## OPINION AND ORDER

REYNOLDS, District Judge.

The Sheridan Electric Company, as a subcontractor, doing remodeling work on the U.S. Post Office in Milwaukee, hired the plaintiff to do some moving and failed to pay for the service. The plaintiff is now suing the general contractor and its surety company for the payment of the claim under the Miller Act, 40 U.S.C.A. §§ 270a and 270b.

The defendants have moved for summary judgment because the plaintiff failed to give timely notice of its claim to the general contractor.

The sole question before the court is whether the requirement in the Miller Act for written notice to the general contractor of any unpaid claims for labor furnished to a subcontractor has been complied with.

Section 270b(a) of the Miller Act provides in part:

"* * * That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond *upon giving written notice to said contractor within ninety days from the date* on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, * * *." (Emphasis added.)

Viewing the facts most favorable to the plaintiff and accepting the plaintiff's statement of facts as being correct, this Court concludes that the plaintiff failed to give timely notice of its claim to the general contractor.

The plaintiff performed services for the subcontractor from February 28, 1965 to May 13, 1965. The first of five invoices in the amount of $75.68 was sent directly to the general contractor on February 28, 1965. All subsequent invoices were sent at the request of the general contractor to the subcontractor. On May 25, 1965, a combined statement for $1,665.06 was submitted to the subcontractor, and none of this has been paid.

On August 9, 1965, plaintiff's vice-president went to the general contractor's office in the U. S. Post Office Building, Milwaukee, and talked to the person in charge about this claim and exhibited to the Kaiser representative the invoices involved. He was advised to file any claims he had with the general contractor at his office in Illinois. No invoices, or written claim in any form, were left with this representative in Milwaukee. The plaintiff's vice-president, after some telephone conversations with Kaiser's representatives in Illinois, forwarded photostatic copies of the invoices to the defendant by letter dated September 27, 1965. This was the first written demand or notice that was left with the defendant Kaiser and was sent to it more than ninety days from the date on which the last labor was allegedly performed or the last material supplied.

The notice requirement set out in § 270b(a) is mandatory. United States for Use and Benefit of J. A. Edwards & Co. v. Thompson Construction Corp., 172 F.Supp. 161, 163 (S.D.N.Y.1959); Bowden v. United States for Use of Malloy, 239 F.2d 572, 577, 578 (9th Cir. 1956), cert. denied 353 U.S. 957, 77 S.Ct. 864, 1 L.Ed.2d 909. Congress put the prerequisite of written notice in the statute so that the general contractor can withhold his payment to the subcontractor in order to meet the subcontractor's obligations. United States for Use of A. & J. Friedman Supply Co. v. M.S.I. Corporation, 246 F.Supp. 337 (D.N.J.1965). As the Court said in United States for Use and Benefit of J. A. Edwards & Co. v. Thompson Construction Corp., 273 F.2d 873, at 875, 78 A.L.R.2d 421 (2d Cir. 1959):

"The reason why the Miller Act conditions the rights of a person having 'no contractual relationship express or implied with the contractor furnishing said payment bond' upon the giving of proper notice within ninety days from the date 'on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made,' is readily understandable. It was as-sumed that such third parties will first endeavor to collect from the subcontractor with whom they have a contract relation. During a reasonable period, while these efforts are going forward, the contractor withholds the payments due the subcontractor. If he receives a third party claim within ninety days, he reserves appropriate amounts from monies otherwise owing to the subcontractor. * * *"

This Court holds that the Miller Act has not been complied with in this case. United States for Use of Davison v. York Electric Construction Co., 184 F. Supp. 520 (D.N.D.1960); United States for Use of Flow Engineering, Inc. v. Continental Casualty Co., 195 F.Supp. 177 (D.N.J.1961).

For the foregoing reasons,

It is ordered that the motion of the defendants for summary judgment be and it hereby is granted. Defendants' counsel is to draft a proposed order in accordance with this opinion, submitting it to plaintiff's counsel for approval as to form only, and is then to submit it to the court for signature.