The UNITED STATES of America for the Use of DeLAY & DANIELS, INC., a South Carolina Corporation, Plaintiff,

v.

AMERICAN EMPLOYERS INSURANCE CO. OF MASSACHUSETTS, a Corporation, Defendant.

Civ. A. No. 68–370.

United States District Court
D. South Carolina,
Columbia Division.

Heard Sept. 4, 1968.

Decided Sept. 25, 1968.

T. E. Pedersen, Charleston, S. C., for plaintiff.

Claude M. Scarborough, Jr., and Robert B. Shaw, of Nelson, Mullins, Grier &

Scarborough, Columbia, S. C., for defendant.

HEMPHILL, District Judge.

Use-plaintiff instituted proceedings under the Miller Act [1] seeking recovery under the subcontract between use-plaintiff and Mike Bradford and Co., Inc., of Miami, Florida. The defendant issued its surety agreement on the contract.

■ Motion by defendant invites decision that; (1) plaintiff be required to arbitrate before proceeding; and, (2) the arbitration should be maintained in Dade County, Florida. It is admitted the subcontract contained the following language:

Any controversy or claim arising out of or relating to this Sub-contract or any breach thereof shall be settled by arbitration in accordance with the rules, then obtaining, of the American Arbitration Association, and judgment upon the award rendered may be entered into any court having jurisdiction thereof. It is mutually agreed that the decision of the arbitrators appointed in accordance with said rules shall be a condition precedent to any right of legal action that either party may have against the other.

It is mutually agreed that the situs of contracting is Dade County, Florida, and it is the expressed intention of the parties hereto that any and all suits or arbitration proceedings for any and every breach of said agreement shall be instituted and maintained in any court of competent jurisdiction in the County of Dade and State of Florida; in the event that the intention of the parties is disregarded for any reason whatsoever it is the further expressed intention of the parties that the law of Florida shall control the decision of any court or arbitrative body which may undertake jurisdiction of any action pursuant to this contract.

This court has power to stay [2] the proceedings, or dismiss. Courts, generally will not construe an arbitration agreement as ousting them of jurisdiction, unless the construction of the particular language lends to no other conclusion. American Guaranty Co. v. Caldwell, 72 F.2d 209 (9th Cir. 1934). Therefore jurisdiction may rightfully be retained and exercised.

■ A stay of proceedings is proper, as plaintiff is not entitled to proceed without first complying with the arbitration provision of the subcontract. United States for Use and Benefit of Capolino Sons, Inc. v. Electronic & Missile Facilities, Inc., 364 F.2d 705 (2nd Cir. 1966); United States, etc. v. AL-CON Development Corp., 271 F.2d 904 (4th Cir. 1959); Agnostini Bros. Building Corp. v. United States on Behalf of and for Use of Virginia-Carolina Electrical Works, 142 F.2d 854 (4th Cir. 1944). Plaintiff conceded, in its brief submitted after oral argument, that defendant had the right to a stay, as the agreement is enforceable in Florida.[3]

■ As burdensome as it may be, the arbitration should be maintained in Dade County, Florida. The contract clearly and unequivocally expresses the intention of the parties to that end. Nothing has been presented that would warrant this court in interfering with the terms of the contract. The fact that this is a case under the Miller Act

---

1. 40 U.S.C.A. § 270b.

2. The remedy of a party to a contract containing an arbitration clause, who claims that arbitration is a condition precedent to recovery, is a stay of proceedings until arbitration has been had or default in pursuing the arbitration is shown. William S. Gray & Co. v. Western Borax Co., 99 F.2d 239 (9th Cir. 1938). However, the power of the court to stay litigation pending conclusion of the arbitration process is not dependent upon the existence of the power of the court to compel arbitration. International Refugee Organization v. Republic S.S. Corp., 93 F. Supp. 798, 805 (D.C.Md.1950); Shanferoke Coal & Supply Corp. Co. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583.

3. Florida Statutes § 682.01 et seq., F.S.A.

does not change the contract, or substitute that act for its terms.[4] Section 270b of the Miller Act requires plaintiffs to sue in a federal district court for a district in which the contract was to be performed and not elsewhere is a venue provision benefitting defendants in some cases. United States for Use and Benefit of Capolino Sons, Inc. v. Electronic & Missile Facilities, Inc., supra. It follows that this section was not intended to benefit plaintiffs. It should not be distorted, by court construction, to vary the unambiguous terms of the written contract.

 "Arbitration is merely a form of trial, to be adopted in the action itself, in place of the trial at common law; it is like a reference to a master, or an 'advisory trial' under Federal Rules of Civil Procedure 39(c)."[5] The fact that the arbitration clause—(b)—attempted to confer jurisdiction on the courts of Florida does not make the clause void as to the arbitration itself. The Rules of the Federal Court and such venue provisions as are found in the Miller Act express the intention of Congress as to venue and jurisdiction. In case of conflict the terms of a contract must yield as being in contravention of public policy.

The stay effected by this Order envisions such future supervision of the arbitration as may be necessary or proper. Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Division, 315 F.2d 538 (4th Cir. 1963). At this sitting this court does not pass on the application of section 9[6] of the Arbitration Act, as such a decision *now* would unjustly pre-empt on the issue.

The motion(s) of defendant should be granted.

And it is so ordered.

---

4. See United States for Use and Benefit of Industrial Engineering and Metal Fabricators, Inc. v. Eric Elevator Corp., 214 F.Supp. 947 (D.C.Mass.1963).

5. Murray Oil Products Co. v. Mitsui & Co., 146 F.2d 381, 383 (2nd Cir. 1944).

6. 9 U.S.C. § 9 provides: If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.