**UNITED STATES of America, for the Use and Benefit of Warren H. COFFEY, d/b/a Warren H. Coffey Excavating Contractor, Plaintiff,**

v.

**WILLIAM R. AUSTIN CONSTRUCTION COMPANY, INC., an Oklahoma Corporation, and Maryland Casualty Company, a corporation, Defendants,**

v.

**Harold SHIPMAN, Third-Party Defendant.**

**No. CIV–76–0988–D.**

United States District Court,
W. D. Oklahoma.

July 8, 1977.

Hugh A. Baysinger, Dean G. Constantine, Oklahoma City, Okl., for plaintiff.

Robert G. Grove, Carl Michael Smith, Oklahoma City, Okl., for defendants.

James M. Robinson, Oklahoma City, Okl., for third-party defendant.

## ORDER TRANSFERRING CASE

DAUGHERTY, Chief Judge.

Plaintiff brings this action against Defendants in this Court under the Miller Act, 40 U.S.C. § 270b(b). The contract bonded and involved herein was performed in connection with the Dierks Lake Project on the Saline River in the state of Arkansas. The above cited statute provides that:

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, . . ."

Our Circuit in *The United States of America For The Use And Benefit Of George W. Cassity and George P. Cassity v. R. J. Connor, Inc., an Indiana corporation, and Fidelity And Deposit Company Of Maryland* (Circuit Case No. 76–1704—Not for Routine Publication) [1] has held in a Miller Act case as follows:

"We hold that the language of § 270b(b), *supra*, is unequivocal in stating that actions are to be brought in the United States District Court for the district of performance 'and not elsewhere.' This language must be strictly construed. We agree with the following analysis set forth in *McDaniel v. University of Chicago*, 512 F.2d 583 (7th Cir. 1975):

The Miller Act requirements that suit be brought in the name of the United States for the use of the person suing, that venue be limited to the district in which the contract was to be performed or executed, and the narrow one year limitation period are clearly designed to facilitate the orderly and equitable disposition of all competing rights in the bond and reenforce the conclusion that Miller Act subject matter jurisdiction is limited to suits on the bond. . . . (Underlining supplied.)

512 F.2d, at 586–587 n. 2.

In *United States v. American Employers Insurance Co. of Mass.*, 290 F.Supp. 139 (S.Car.1968), the Court said:

. . . Section 270b of the Miller Act [which] requires Plaintiffs to sue in a federal district court for a district in which the contract was to be performed and not elsewhere is a venue provision benefitting defendants . . . It should not be distorted, by court construction . . . such venue provisions as are found in the Miller Act express the intention of Congress as to venue and jurisdiction. . . .

1. Rule 17(c) of the Rules of Court for the United States Court of Appeals for the Tenth Circuit provides that unpublished opinions can be cited, if relevant, in proceedings before this or any other Court.

290 F.Supp. at 141.

We agree. To the same effect see: *United States ex rel. Vermont Marble Co. v. Roscoe-Ajax Construction Co., Inc.*, 246 F.Supp. 439 (N.D.Cal.1965); *United States ex rel. Flow Engineering, Inc. v. Continental Casualty Company*, 195 F.Supp. 177 (N.J.1961); *United States ex rel. Fairbanks Morse and Co. v. Bero Construc Corporation*, 148 F.Supp. 295 (S.D. N.Y.1957).

We also agree with the contentions advanced by appellees that the complaint did not properly plead jurisdiction. There are not adequate facts stated in the complaint to establish jurisdiction. In *Dewell v. Lawson*, 489 F.2d 877 (10th Cir. 1974), we emphasized the need for adequate and proper allegations of jurisdictional facts.

## II.

Cassity contends that Connor and Surety waived any objections to improper venue by appearing generally without raising venue as a defense either by motion, answer, or amended answer. We hold that this contention is without merit.

A party may always raise the issue of lack of subject matter jurisdiction. Fed. R.Civ.Proc. rule 12(b)(3), 28 U.S.C.A. A challenge to the district court's subject matter jurisdiction is not waivable and whenever it is made, the district court must consider it. *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140 (9th Cir. 1975); *Joyce v. United States*, 474 F.2d 215 (3rd Cir. 1973); *White v. Commercial Standard Fire & Marine Company*, 450 F.2d 785 (5th Cir. 1971); *Skolnick v. Board of Commissioners of Cook County*, 435 F.2d 361 (7th Cir. 1970)."

The matter of jurisdiction and venue in this case was discussed in depth at the pretrial conference held herein to include the production and reading of the above case. Apparently the parties desire to proceed here and none have attacked the jurisdiction and venue of this Court or requested a transfer of this case to United States District Court for the Western Dis-

trict of Arkansas. But the Court must look to its own jurisdiction at all times. Our Circuit has spoken in this situation.

Hence, sua sponte the Court transfers this action in the interest of justice to the United States District Court for the Western District of Arkansas pursuant to 28 U.S.C. § 1406(a) where the same could have and should have been brought. The Clerk is directed to effect the transfer of this case to United States District Court for the Western District of Arkansas without delay.

It is so ordered this 8th day of July, 1977.