**J. L. KAMSLER, Plaintiff-Appellant,**

v.

**CHICAGO AMERICAN PUBLISHING COMPANY, Inc., Defendant-Appellee.**

**No. 15097.**

United States Court of Appeals Seventh Circuit.

Oct. 11, 1965.

Rehearing Denied Nov. 1, 1965. (En Banc).

J. L. Kamsler, pro se.

Don H. Reuben, Lawrence Gunnels, Craig W. Christensen, Chicago, Ill., for appellee.

Before KNOCH, KILEY and MAJOR, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff-appellant, J. L. Kamsler, has taken this appeal from grant of the motion to dismiss his complaint filed by the defendant-appellee, Chicago American Publishing Company, Inc., in the United States District Court.

The complaint was dismissed for failure to allege facts showing presentation of a question arising under the Constitution or laws of the United States, or a claim otherwise within the jurisdiction of the United States District Court. There is no diversity of citizenship here.

In this Court, although not in the District Court, the plaintiff contended that jurisdiction arose under Title 28, U. S. Code, § 1343, giving the federal courts

jurisdiction over civil rights cases. In oral argument, plaintiff, appearing pro se, asserted that his complaint alleged facts which, although not so labeled in the complaint, would show violations of the Civil Rights Statutes, Title 42, U. S. Code, §§ 1983, 1985. We have carefully examined those allegations and we cannot agree.

Plaintiff contends in his first count that the defendant conspired to violate plaintiff's Constitutional rights to the end that he be denied a fair trial on criminal charges in the Criminal Court of Cook County; that the defendant is guilty of libel, and that the conspiracy was formed in retaliation for plaintiff's suit against defendant for libel. In his second count, plaintiff lists a number of alleged errors in one of his criminal trials, which he states were the result of the conspiracy. He includes a third count for libel. Plaintiff seeks damages of $20 million on each of the three counts, with an additional $20 million punitive damages on the second count and $20 million exemplary damages on the third count.

The complaint contains a number of vague conclusory statements. It does not name any of the other parties to the alleged conspiracy who are charged with having made threats to the Trial Judge in the criminal case to induce him to deny plaintiff a fair trial.

Plaintiff previously brought a similar suit in the U. S. District Court, which was also dismissed for lack of federal jurisdiction: No. 64 C 560, Kamsler v. Chicago American Publishing Co., Inc. Plaintiff's appeal to this Court, No. 14831, was dismissed by order of this Court on January 18, 1965, for failure to comply with the rules of this Court.

Plaintiff does not deny defendant's assertion that the same news articles on which plaintiff bases his present charge of libel were the subject of an action in the Circuit Court of Cook County, Illinois, No. 65 L 9807, Kamsler v. Chicago American Publishing Company, Inc., which was dismissed on June 17, 1965, when the Cook County Circuit Court found those news articles non-actionable.

In the course of oral argument, plaintiff indicated that both his criminal convictions are pending on appeal in the Illinois Appellate Court where he is represented by competent counsel. Any errors in his trials presumably will be brought to the attention of that tribunal and dealt with there.

The order of the District Court must be affirmed.

Affirmed.