**J. L. KAMSLER, Plaintiff-Appellant,**

v.

**Pete ZASLAWSKY and Zaslawsky Iron and Metal Co., a partnership, Defendants-Appellees.**

**No. 15098.**

United States Court of Appeals Seventh Circuit.

Jan. 5, 1966.

J. L. Kamsler, pro se.

Melvin White, Maxfield Weisbrod, Chicago, Ill., for appellees.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

This case like that of Kamsler v. Chicago American Publishing Company, Inc., 7 Cir., 352 F.2d 57 (opinion released October 11, 1965) arose out of proceedings in the Criminal Court of Cook County, Illinois, in which the plaintiff, J. L. Kamsler was the defendant. We have been informed that the convictions in those proceedings are the subject of appeal in the Illinois Appellate Court, where plaintiff is represented by competent counsel and where presumably any

errors in the trials will receive the attention of that court.

In the meantime, the plaintiff, pro se, brought suit in the U. S. District Court. His complaint is in two counts: "Count I for Conspiracy to violate the Plaintiff's Inalienable Constitutional Rights and Count II for the Carrying Out of this Conspiracy." There is no diversity of citizenship. The plaintiff asserts that jurisdiction lies in the Federal Court because of violation of plaintiff's rights under the Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

In Count I of his complaint, plaintiff alleges that the defendants conspired with unnamed police and public officials to harass him by procuring his arrest, by requiring him to post an unduly large bond, and by denying him a fair and impartial trial. Several alleged trial errors are listed in the complaint. Damages of $1 million, plus $10 million punitive damages, are sought.

In Count II of his complaint, plaintiff states that he was injured in his reputation and health and seeks damages in the same amounts as under Count I.

In the introductory paragraphs to his complaint, plaintiff describes Pete Zaslawsky, one of the defendants in the case, as the complaining witness in the case of the People of the State of Illinois v. J. L. Kamsler in the Criminal Court of Cook County. There is no description or in fact any reference whatever in the body of the complaint to the partnership of Zaslawsky Iron and Metal Company, the other defendant in the case, except as the partnership may be included in the term "defendants."

The District Judge dismissed the complaint sua sponte pursuant to Rule 12(h) (2), Federal Rules of Civil Procedure, for lack of jurisdiction, and this appeal followed.

Plaintiff sets out no facts in his complaint on which to base his conclusory statements that his Constitutional rights were violated. He lists alleged improprieties and errors at his trial and in the pretrial proceedings and attributes these to a conspiracy between the defendants and unnamed public officials, no further details being given. Plaintiff has failed to state a claim arising under the Civil Rights statutes involving any violation of his Constitutional rights. The District Judge did not abuse his discretion in ruling on the complaint without hearing oral argument. Skolnick v. Martin, 7 Cir., 1963, 317 F.2d 855, 857, and cases there cited.

We have carefully studied all the cases, points and authorities advanced by the plaintiff. In none of them do we find any reason to alter our decision that the order of the District Court must be affirmed.

The motion of the defendants-appellees to strike the brief and appendix of the plaintiff-appellant is now moot.

Affirmed.