**BERCY INDUSTRIES, INC., Plaintiff,**

v.

**MECHANICAL MIRROR WORKS, INC. and Artistic Factory Products, Inc., Defendants.**

**No. 67 Civ. 3420.**

United States District Court
S. D. New York.

Jan. 16, 1968.

Kenyon & Kenyon, New York City, for plaintiff (Charles R. Brainard and Thomas L. Creel, New York City, of counsel).

Victor Helfand and Mackler Brothers, New York City, for defendants (Seymour G. Mackler, New York City, of counsel).

OPINION

MacMAHON, District Judge.

Plaintiff moves to dismiss defendants' counterclaims for insufficiency in law. Fed.R.Civ.P. 12(b). The counterclaims allege that plaintiff, knowing its patent to be invalid and not infringed by defendants, "wantonly, wilfully and maliciously commenced its * * * action against defendants and sought a preliminary injunction and obtained a restraining order against them, with a view to prevent

* * * [them] from producing and marketing * * * [their] product" during the Christmas season, 1967. Later, it is alleged, after defendants had missed the Christmas market, the court denied the motion for a preliminary injunction and dissolved the temporary restraining order.

Although defendants contend that their allegations state a claim for unfair competition, it is clear that the counterclaims are in substance for malicious prosecution. "The essential elements of such a cause of action, based upon the bringing of a civil suit, are: (1) absence of probable cause; (2) malice; (3) termination of the suit favorably to the claimant; and (4) interference with the claimant's person or property by resort to a provisional remedy such as attachment, arrest, or injunction." Rosemont Enterprises, Inc. v. Random House, Inc., 261 F.Supp. 691, 695 n. 11 (S.D.N.Y.1966); Prosser, Torts § 99, pp. 664–65 (2d ed. 1955). The label which the party applies does not change the nature of the claim.

The issue in the present case is virtually indistinguishable from that in *Rosemont.* In *Rosemont,* the plaintiff, suing for copyright infringement, applied for and was granted a preliminary injunction. 256 F.Supp. 55 (S.D.N.Y. 1966). That injunction was vacated by the Court of Appeals, 366 F.2d 303 (2 Cir. 1966), and the defendants brought counterclaims alleging that the suit had been brought maliciously, and without justification, in order to injure the defendants. The court found that the counterclaims were, in essence, for malicious prosecution. As such, they were premature because such actions would not lie until the allegedly malicious suit was terminated favorably to the defendants. We think the reasoning of *Rosemont* applies equally to this case. Defendants may not bring their action until the main suit is terminated in their favor.

Accordingly, we find that defendants' counterclaims are premature and grant plaintiff's motion to dismiss them.

So ordered.