The **NATIONAL RESEARCH BUREAU, INC.**, Appellee,

v.

Forrest L. **BARTHOLOMEW**, Appellant in No. 72–1640.

The **NATIONAL RESEARCH BUREAU, INC.**, Appellant in No. 72–1641,

v.

Forrest L. **BARTHOLOMEW**, Appellee.

Nos. 72–1640 and 72–1641.

United States Court of Appeals, Third Circuit.

Argued April 30, 1973.

Decided July 30, 1973.

Walter J. Blenko, Jr., Pittsburgh, Pa., for appellant in No. 72–1640 and appellee in No. 72–1641.

Robert E. Wagner, Walsh, Case & Coale, Chicago, Ill., for appellee in No. 72–1640 and appellant in No. 72–1641.

Before JAMES HUNTER, III, and WEIS, Circuit Judges, and NEWCOMER, District Judge.

## OPINION OF THE COURT

### PER CURIAM:

This case is before the Court on appeal by plaintiff, National Research Bureau, Inc., and cross-appeal by defendant, Forrest L. Bartholomew. The case was originally brought in the United States District Court for the Western District of Pennsylvania by National Research Bureau, plaintiff, against Forrest Bartholomew, defendant, alleging that the defendant, an ex-employee, was violating plaintiff's trademark, using certain customer lists which constituted trade secrets, and engaging in conduct which constituted unfair competition under both state and federal law. Defendant counterclaimed, alleging anti-trust violations and also a claim of unfair competition based on state law, for which independent jurisdictional grounds were pleaded.

Plaintiff moved to strike defendant's anti-trust counterclaim for failure to state a cause of action, which motion was granted D.C., 331 F.Supp. 1003. No one has attacked the propriety of this action. Defendant then moved for summary judgment, and during the pendency of that motion sought to amend his anti-trust counterclaim to cure its previous defects.

Defendant's motion for summary judgment was granted as to all of plaintiff's claims. At the same time, the District Court refused to allow the amended anti-trust counterclaim, and further dismissed defendant's unfair competition counterclaim, on the ground that it was a compulsory counterclaim, and that the District Court has discretion to dismiss a compulsory counterclaim when the main claim is disposed of, to avoid "the tail wagging the dog."

National Research Bureau, as appellant, argues that the District Court erred on three grounds in granting the

motion for summary judgment against it.

First, it contends that the District Court erred in holding, as a matter of law, that defendant's use of plaintiff's customer lists and information did not constitute a breach of confidence and unfair competition under Pennsylvania law.

Second, it contends that the District Court erred in the tests it used to conclude that defendant's magazine title "Humor" did not infringe plaintiff's registered trademark "Smiles."

Third, it contends that the District Court erred in failing to find that defendant had used some, if not all, of the distinguishing characteristics of plaintiff's publication, thereby causing confusion as to origin, and in so doing the District Court misapplied the Pennsylvania cases on unfair competition, and the test for determination of false designation under 15 U.S.C. § 1125(a).

After carefully considering the briefs, oral argument, and the opinion of the District Court, we conclude that the District Court correctly granted summary judgment for defendant Bartholomew, and that the claims of error urged by National Research Bureau are without merit. Accordingly the judgment of the District Court will be affirmed on those questions.

Forrest Bartholomew, as cross appellant, urges that the District Court erred first in dismissing his unfair competition counterclaim for which independent jurisdictional grounds had been pleaded, and second in refusing to accept the amended anti-trust counterclaim.

■■ We must agree with the first of these propositions. The plaintiff sued the defendant on both federal and diversity grounds and in so doing, of course, submitted itself to the personal jurisdiction of the Court. The defendant pleaded and served upon the plaintiff the unfair competition counterclaim which was, because of its intimate connection with the incidents which first gave rise to this lawsuit, a compulsory counterclaim under F.R.Civ.P. 13(d). It is of course true that no independent jurisdictional grounds are necessary for such a counterclaim, nor need independent grounds be pleaded even if they exist, because a compulsory counterclaim may properly come before the Court supported only by jurisdiction ancillary to the original claim. If that were the case here, the reliance of the trial court on United States for the use of T-Square Equipment Corp. v. Gregor J. Schaefer Sons, Inc., 272 F.Supp. 962 (E.D.N.Y.1967), would be well founded. That case stands for the generally accepted proposition that a counterclaim before the Court only by virtue of ancillary jurisdiction may, in the discretion of the trial court, be dismissed without prejudice when the original claim upon which ancillary jurisdiction is founded is disposed of prior to a determination of the counterclaim. See Moore's Federal Practice ¶ 13.15[1]. Although it is also generally conceded that the trial court has the discretion to retain jurisdiction over such a counterclaim for a decision on the merits if the dismissal of the original claim is on other than jurisdictional grounds, the preferred practice, at least where there have been no extensive proceedings on the counterclaim in Federal Court, is to dismiss the counterclaim so that the litigation will then have to be brought in state court, where, as an individual case, it properly belongs. This relieves the Federal Courts from deciding what have become routine non-diversity state claims.

■ This reasoning is not applicable to the case at bar. The requisites of Federal diversity jurisdiction for the counterclaim were properly pled. Thus the counterclaim, though compulsory, was supported not only by ancillary jurisdiction but also by allegations of independent jurisdiction. Once an issue with independent subject matter jurisdiction is before the court and jurisdiction over the parties has been perfected, it must be allowed to proceed to a conclusion pursuant to the rules of civil procedure like any other routine federal

claim. This principle has been recognized in relation to permissive counterclaims, where the issue more usually arises because permissive counterclaims require independent jurisdiction. See Moore's Federal Practice, ¶ 13.23. But the crucial issue is not whether the counterclaim is compulsory or permissive. Indeed, on that consideration alone it would seem more logical to retain compulsory counterclaims and dismiss permissive ones. The issue rather is the nature of the jurisdiction supporting the counterclaim, whether compulsory or permissive.[1] Where jurisdiction is merely ancillary, the Court has discretion to dismiss if the original claim supporting it is disposed of. But where, as here, jurisdiction is independent, the counterclaim must be allowed to proceed without regard to the fate of the original claim, and it was error to dismiss it out of hand.[2] There is no justification for putting the plaintiff in counterclaim to the expense, effort and risk of refiling his claim and attempting to re-establish personal jurisdiction over the opposing party.

As for the issue of the anti-trust counterclaim, we do not feel that the District Court abused its discretion in refusing to accept the amended anti-trust counterclaim on the state of the record as it appeared to exist when the refusal was made, but this in no way prejudges the propriety of any proffered amendment after the case is remanded.

Accordingly, the judgment of the District Court will be affirmed on all questions except the dismissal of defendant's counterclaim for unfair competition, and on that issue the judgment of the District Court will be reversed, and the case will be remanded for further consideration of that counterclaim.

---

1. This was recognized in the very case relied on by the District Court, United States v. Schaefer Sons, supra, at 965, when the Court said in the penultimate paragraph of its opinion that the counterclaim was dismissed "for failure to state an independent ground of jurisdiction."

2. For purposes of this opinion we accept the allegations of diversity and jurisdictional amount as pleaded in the counterclaim. By so doing, of course, we do not preclude a challenge to their existence in fact if such should be raised during the ensuing proceedings.