George M. **WETHERINGTON**, Plaintiff,

v.

Herbert O. **PHILLIPS**, III, District Judge, et al., Defendants.

No. 74–19–CIV–4.

United States District Court, E. D. North Carolina, New Bern Division.

Aug. 12, 1974.

George M. Wetherington pro se.

Charles K. McCotter, Jr., James R. Sugg, New Bern, N. C., Jacob L. Safron, Asst. Atty. Gen., N. C. Dept. of Justice, Raleigh, N. C., for defendants.

## MEMORANDUM OPINION
## and ORDER

LARKINS, District Judge:

This is a civil action brought under 42 U.S.C. sec. 1985 against several individuals in connection with the September 9, 1970 prosecution of plaintiff for public nuisance. Plaintiff's civil rights were allegedly violated when defendant, the Honorable Herbert O. Phillips, III, allowed the motion of the solicitor to amend the warrant. Defendants, Mr. and Mrs. Stanley Earney, T. Wilson Parker, Earnest Huff, and H. H. Green allegedly deprived plaintiff of his constitutional rights by conspiring to testify falsely as to the facts related to the amended warrant. Plaintiff seeks general and punitive damages from the defendants.

On September 9, 1970, plaintiff was found guilty of public nuisance in the Craven County District Court by the Honorable Herbert O. Phillips, III. On appeal to the Superior Court of Craven

428

County, plaintiff was again found guilty of public nuisance. The Superior Court conviction resulted from a jury trial. Plaintiff was sentenced by the Craven County Superior Court for a term of sixty days, suspended upon the payment of one hundred dollars and other conditions.

This Court accepts every factual allegation in this complaint as true. But this Court will not accept legal conclusions alleged or drawn from the pleaded facts. Blackburn v. Fisk University, 443 F.2d 121 (6th Cir. 1971). Conclusory allegations are insufficient to state a cause of action under the Civil Rights Act, 42 U.S.C. sec. 1985. Bach v. Scott, 357 F.Supp. 1125 (N.D.Ill.1973). A mere listing, without explanation, of errors at trial is insufficient to state a claim under 42 U.S.C. sec. 1985. Kamsler v. Zaslawsky, 355 F.2d 526 (7th Cir. 1966).

Plaintiff contends that defendants, state prosecutor Barker and Judge Phillips, violated his constitutional rights by amending his warrant. He alleges that defendants, Mr. and Mrs. Earney, Parker, Green and Huff, conspired against him in violation of 42 U.S.C. sec. 1985. Plaintiff, however, has alleged no facts which show a constitutional deprivation. A careful examination of plaintiff's complaint reveals nothing more than vague, conclusory statements. See Kamsler v. Chicago American Publishing Co., 352 F.2d 57 (7th Cir. 1965). Plaintiff has alleged no overt acts by these defendants indicating involvement in a conspiracy against plaintiff. "Conclusory allegations of conspiracy, without any specification of the agreement forming the conspiracy, are insufficient." Droysen v. Hansen, 59 F.R.D. 483 (E.D.Wis. 1973), citing Powell v. Workmen's Compensation Board of State of New York, 327 F.2d 131 (2nd Cir. 1964); Thompson v. Heither, 235 F.2d 176 (6th Cir. 1956); Post v. Payton, 323 F.Supp. 799 (E.D.N.Y.1971); Weise v. Reisner, 318 F.Supp. 580 (E.D.Wis.1970).

The acts of defendant, the Honorable Herbert O. Phillips, III, to which this plaintiff objects, were exercised in performance of his judicial function as a District Court judge. Defendant Judge Phillips is therefore entitled to receive the protection of judicial immunity from suits for general and punitive damages under 42 U.S.C. sec. 1985. Schwartz v. Weinstein, 459 F.2d 882 (8th Cir. 1972); Skolnick v. Campbell, 398 F.2d 23 (7th Cir. 1968). Even where a judge is accused of acting in a malicious manner, where he is acting within his "judicial jurisdiction," he is immune from attack under the Civil Rights Acts. Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 1218, 18 L.Ed.2d 288 (1967).

Mr. Barker, the state prosecutor, was clearly acting in his quasi-judicial capacity when he moved to amend the warrant against the plaintiff. He also is immune from a civil suit under the Civil Rights Acts when his allegedly improper acts were performed while he was prosecuting a case. See Littleton v. Berbling, 468 F.2d 389 (7th Cir. 1972); Hampton v. City of Chicago, Cook County, Illinois, 484 F.2d 602 (7th Cir. 1973).

Defendants, H. H. Green, Ernest Huff, and Mr. and Mrs. Stanley Earney, have filed counterclaims against the plaintiff. These counterclaims seek an injunction restraining the plaintiff from further public disturbances on his property, an order directing plaintiff to remove the platform in the navigable waters in front of Mr. and Mrs. Earney's house, an injunction prohibiting further malicious prosecution by the plaintiff of the defendants, and compensatory damages in the amount of eleven thousand dollars. Defendants, H. H. Green, Ernest Huff, and Mr. and Mrs. Stanley Earney, also seek costs and attorneys fees relating to this suit.

In dismissing this case for failure to state a claim on which relief can be granted and on the basis of judicial and quasi-judicial immunity, this Court is by

necessary implication making an affirmative determination that it has subject matter jurisdiction. Rhodes v. Houston, 258 F.Supp. 546 (D.Neb.1966), cert. den. 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662. Nevertheless, defendants' counterclaims must be based on pleadings showing independent subject matter jurisdiction for this Court to be required to allow the counterclaims to proceed. National Research Bureau, Inc. v. Bartholomew, 482 F.2d 386 (3rd Cir. 1973).

 Those defendants who have counterclaimed in this suit have alleged that plaintiff's actions in operating a boys club causes disturbance in their community and constitutes a nuisance and that plaintiff has filed civil actions against them which amount to malicious prosecution. Defendants, however, have failed to allege any independent jurisdictional grounds for any of their counterclaims. National Research Bureau, Inc. v. Bartholomew, *supra*. Even if this Court finds sufficient relationship between these counterclaims and the plaintiff's original claim for these counterclaims to constitute compulsory counterclaims, defendants have failed to allege an independent jurisdictional basis for their compulsory counterclaims; and hence, although this Court might be said to have ancillary jurisdiction over the counterclaims, this Court can nevertheless, in its own discretion, dismiss them after having dismissed the original claim. National Research Bureau, Inc. v. Bartholomew, *supra*, p. 388, citing Moore's Federal Practice Sec. 13.15(1), T Square Equipment Corp. v. Gregor J. Schaefer Sons, Inc., 272 F.Supp. 962 (E.D.N.Y.1967).

It is well established that a counterclaim predicated upon malicious prosecution of the action in which the counterclaim was filed must be dismissed. Alberto-Culver Company v. Andrea Dumon, Inc., 295 F.Supp. 1155 (N.D.Ill.1969); Miner v. Commerce Oil Refining Co., 198 F.Supp. 887 (D.R.I. 1961); Rosemont Enterprises, Inc. v. Random House, Inc., 261 F.Supp. 691 (S.D.N.Y.1966); Knoshaug v. Pollman,

18 F.R.D. 386 (D.N.D.1956); Shwab v. Doelz, 229 F.2d 749 (7th Cir. 1956); Carroll v. Paramount Pictures, 3 F.R.D. 95 (S.D.N.Y.1943); Bercy Industries, Inc. v. Mechanical Mirror Works, Inc., 279 F.Supp. 428 (S.D.N.Y.1968).

Now therefore, in accordance with the foregoing, it is

Ordered, that all of the defendants' motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure be, and the same are, hereby allowed, and

Further ordered, that the counterclaims filed in this action by defendants, Mr. and Mrs. Stanley Earney, H. H. Green, and Earnest Huff, be, and the same are, dismissed without prejudice, and

Further ordered, that this case be dismissed, and

Further ordered, that the requests for costs and attorneys fees of defendants, Mr. and Mrs. Stanley Earney, H. H. Green, and Earnest Huff, be, and the same are, denied.