**FAYGO BEVERAGES, INC., Plaintiff and Counter-Defendant,**

v.

**PIONEER TRUCKING, INC., Defendant and Counter-Plaintiff.**

**Civ. A. No. 83–570–JLL.**

United States District Court, D. of Delaware.

April 16, 1984.

Sidney R. Chirlin of Young, Conaway, Stargatt & Taylor, Wilmington, Del., and Chester A. Zyblut of Washington, D.C., of counsel, for plaintiff and counter-defendant.

Edmund N. Carpenter, II and Thomas A. Beck of Richards, Layton & Finger, Wilmington, Del., and Rex Eames of Eames, Wilcox, Mastej & Bryant, Detroit, Mich., of counsel, for defendant and counter-plaintiff.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

In this diversity action[1] Faygo Beverages, Inc. ("Faygo") seeks to recover the sum of $15,473.76 which it previously paid to Pioneer Trucking, Inc. ("Pioneer") for the transportation of Faygo's carbonated beverages to various destinations in the United States from Faygo's plant at Detroit, Mich-

igan. (Docket Item ["D.I."] 4.) The amended complaint (D.I. 4) may be summarized in pertinent part as follows: Pioneer is a contract motor carrier conducting operations in interstate commerce pursuant to a Contract Carrier Permit issued by the Interstate Commerce Commission ("ICC") in Docket No. MC–151707. (D.I. 4, ¶ 2.) One of Pioneer's ICC Permits authorizes it to serve Faygo under a continuing contract to transport carbonated beverages, materials and supplies between Detroit, Michigan and various points in the United States. (D.I. 4, ¶ 2 & Ex. thereto.)[2] As a contract carrier, Pioneer was required[3] and did file, publish, and maintain a Schedule ("Schedule") with the ICC showing its actual rates and charges for the transportation services rendered to Faygo under the continuing contract. (D.I. 4, ¶ 4 & Ex.) The charges set forth in Pioneer's published Schedule were to be calculated on a prescribed mileage rate of $1.17 per mile multiplied by *either* (a) the number of miles shown in Item 1000 of the Schedule for 49 specifically named cities *or* (b) by the number of miles set forth in the Household Goods Carriers' Bureau, Mileage Guide No. 11 ("HGCB Mileage Guide") as required by Item 100 of the Schedule for all *other* unspecified points in the United States. (D.I. 4, ¶¶ 4, 5 & Ex.)

For the period January 9, 1981 to October 28, 1981, the amended complaint asserts the following two claims. First, Pioneer's transportation charges calculated by its published Schedule for transporting numerous shipments to the 49 specifically named cities were "excessive" and "inflated" because the prescribed miles in the Schedule for those 49 cities "exceeded" the number of miles shown in the HGCB Mileage Guide for those cities. (D.I. 4, ¶¶ 5, 6 & 7.) Second, for some unidentified ship-

1. Jurisdiction is alleged to exist in this Court by virtue of 28 U.S.C. § 1332 because Faygo is a Michigan corporation with its principal office in Detroit and Pioneer is a Delaware corporation with its principal office in Wilmington and the amount in controversy exceeds $10,000 exclusive of interests and costs. (D.I. 4, ¶¶ 1–3.)

2. Initially, Pioneer was granted a temporary permit to serve Faygo as a contract carrier and later the ICC issued a permanent permit authorizing Pioneer to serve Faygo under a continuing contract. (D.I. 4, ¶ 2 & Ex.)

3. *See* 49 U.S.C. § 10702(b).

ments Pioneer miscalculated the transportation charges to points not specifically named in Item 1000 because it failed to apply the mileage distance required by the HGCB Mileage Guide and the one example cited is an unidentified shipment from Detroit to Elmira, New York, resulting in an alleged overcharge of $49.14. (D.I. 4, ¶ 5.)

Pioneer answered and asserted two defenses: (1) that the complaint failed to state a claim upon which relief could be granted, and (2) that the action was barred by the doctrine of *res judicata*. Pioneer also counterclaimed for $2,881.63 alleged to be transportation undercharges owed by Faygo for specifically identified shipments. (D.I. 7.) Thereafter, Pioneer moved for judgment on the pleadings on the same grounds that it asserted as defenses in its answer (D.I. 13), but because the motion for judgment on the pleadings also relied upon affidavits containing matters outside the pleadings, Pioneer's motion will be treated as one for summary judgment. Rules 12(c) and 56, Fed.R.Civ.P.[4]

Finally, Pioneer also moved for summary judgment on its counterclaim for transportation under charges against Faygo. (D.I. 22.)

### I. *Doctrine of Res Judicata*

Pioneer contends that this action is absolutely barred by the doctrine of *res judicata* by virtue of the action previously litigated to finality on the merits between the parties in the United States District Court for the Eastern District of Michigan ("the Michigan action") in the case entitled *"Faygo Beverages, Inc. v. Pioneer Trucking Company, Inc.*, C.A. No. 82–73457." This Court agrees.

■ *Res judicata*, a doctrine judicial in origin, makes a final judgment conclusive on the parties, and those in privity with them, as to all matters, fact and law, that were or should have been adjudicated in the prior proceeding. *Commissioner v.*

*Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). Indeed, the Supreme Court has consistently applied this doctrine and recently reaffirmed its validity in *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981), stating:

There is little to be added to the doctrine of res judicata as developed in the case law of this Court. A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Commissioner v. Sunnen*, 333 U.S. 591, 597, [68 S.Ct. 715, 719, 94 L.Ed. 898] (1948); *Cromwell v. County of Sac*, 94 U.S. 351, 352–353 [24 L.Ed. 195] (1877). Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. *Angel v. Bullington*, 330 U.S. 183, 187, [67 S.Ct. 657, 659, 91 L.Ed. 832] (1947); *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, [60 S.Ct. 317, 84 L.Ed. 329] (1940); *Wilson's Milne Executor v. Deen*, 121 U.S. 525, 534, [7 S.Ct. 1004, 1007, 30 L.Ed. 980] (1887). As this Court explained in *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325, [47 S.Ct. 600, 604, 71 L.Ed. 1069] (1927), an "erroneous conclusion" reached by the court in the first suit does not deprive the defendants in the second action "of their right to rely upon the plea of *res judicata* .... A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]." We have observed that "[t]he indulgence of a contrary view would result in creating elements of un-

---

4. Pioneer's motion based on *res judicata* was supported by an affidavit of Rex Eames that included the pertinent record of the proceedings in *Faygo Beverages, Inc. v. Pioneer Trucking Co.*, C.A. No. 82–73457, held in the U.S. District Court for the Eastern District of Michigan. Faygo had a reasonable opportunity to controvert this information. Rule 12(c), Fed.R.Civ.P.

certainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of *res judicata* to avert." *Reed v. Allen,* 286 U.S. 191, 201, 52 S.Ct. 532, 534, 76 L.Ed. 1054 (1932).

■ The first complaint filed in the Michigan action is virtually identical with the amended complaint between the same parties as filed here except for only minor changes of language unrelated to the causes stated. (*Compare* D.I. 4 *with* D.I. 16, Ex. A.) Both complaints seek the recovery of overcharges in the amount of $15,473.76 relating to Faygo's shipments handled by Pioneer during the period of January 9, 1981 to October 28, 1981. Indeed the two substantive claims asserted in both actions are identical: (1) that Pioneer's charges calculated by its published schedule for transporting shipments to the 49 specifically named points were "excessive," "inflated" or "unreasonable" because the prescribed miles in the Schedule for those 49 cities "exceeded" the number of miles shown in HGCB Mileage Guide for those cities (*compare* D.I. 4, ¶¶ 5, 6 & 7 *with* D.I. 16, Ex. A, ¶¶ 5, 6 & 7), and (2) that for some unidentified shipments Pioneer miscalculated the transportation charges to points not specifically named in Item 1000 because it failed to apply the mileage distances required by the HGCB Mileage Guide with the consequence that one unidentified shipment from Detroit to Elmira, New York resulted in an overcharge of $49.14. (*Compare* the language of D.I. 4, ¶ 5, last 4 sentences *with* D.I. 16, Ex. A, ¶ 5, last two sentences.)

After considering Pioneer's motion to dismiss the Michigan complaint because it did not state a cause of action cognizable by the Court, the briefs, and oral arguments of the parties, the Michigan Court dismissed the complaint with prejudice. (D.I. 16, Ex. A–G.) The dismissal with prejudice was not appealed so that the Michigan judgment of dismissal with prejudice became final. Under these circumstances, the doctrine of *res judicata* bars the present action.

Faygo contends that *res judicata* does not apply and advances two arguments in support of this contention, both of which the Court finds to be meritless. First, Faygo contends that the Michigan complaint was sufficiently different from the present complaint to avoid the doctrine of *res judicata*. It is true that the Michigan complaint (D.I. 16, Ex. A, ¶ 9), unlike the present complaint, requested the matter be referred to the ICC by the Court for initial decision. However, the subsequent documents and pleadings of Faygo in the Michigan action contended that the causes of action there asserted could be maintained *either* before that Court or, alternatively, before the ICC. Faygo characterized its Michigan action to that Court as follows:

> It is obvious that the complaint has stated a cause of action for the overcharges which may be entertained by this Court—or alternatively, that this matter be refferred [sic] to the Interstate Commerce Commission for disposition for the reason stated herein.

(D.I. 16, Ex. C, ¶ IV.)

\* \* \* \* \* \*

> In conclusion, plaintiff respectfully requests that this court enter an order in its favor in the amount of the overcharges, plus interest, or alternatively, enter an order referring this matter to the Interstate Commerce Commission for initial decision.

(D.I. 16, Ex. E, at 6–7.)

It is undisputed from the present record that the two claims which Faygo asserts here were previously asserted in the Michigan action and the fact that an alternative prayer for reference of the matter to ICC is not significant and does not deprive the doctrine of *res judicata* of its vitality.

The second argument advanced by Faygo is that *res judicata* does not apply because the Michigan Court dismissed the action on jurisdictional grounds. Faygo points to the Michigan Court's ruling at the end of oral argument when it stated:

It appears to the Court that this motion to dismiss must be granted. The Court does not have jurisdiction to redetermine the reasonableness of rates that are charged by contract motor carriers which rates have been filed by the ICC.

(D.I. 16, Ex. H, at 1.)

The Michigan Court also stated that it did not have jurisdiction to direct the ICC to determine such reasonableness. (*Id.*)

These oral rulings were embodied in a written order of the Court dated March 3, 1983, which was approved by Faygo's counsel and reads as follows:

Upon motion of Defendant Pioneer Trucking, Inc. for Judgment On the Pleadings for dismissal of the Complaint of Plaintiff herein filed, the parties having filed briefs and oral argument having been held before this Court, and the Court being fully advised in the premises;

It is hereby found that the Complaint of the Plaintiff does not set forth a cause of action cognizable before this Court; and

It is, therefore, ordered that the Complaint of Plaintiff herein filed, be, and the same hereby is, dismissed with prejudice.

(D.I. 16, Ex. G.)

While the Court's oral statement from the bench referred to "jurisdiction" of the Court, it is apparent that the Court was referring to the absence of any power to grant relief on the claims asserted in the Michigan complaint. This seems clear from the record in the Michigan Court. Subject matter jurisdiction clearly existed in the Michigan Court based on diversity of citizenship under 28 U.S.C.A. § 1332 as therein pleaded. (D.I. 4, ¶ 3.) Pioneer's motion requested dismissal of the Complaint "for the reason that it does not state a cognizable cause of action" (D.I. 16, Ex. B, at 1), and the Court's unappealed final order clearly stated that the Complaint "did not set forth a cause of action cognizable before this Court" and dismissed the same with prejudice. (D.I. 16, Ex. G.)

It has long been the law that a dismissal for failure to state a claim upon which relief can be granted, without reservation, is on the merits unless the contrary appears of record or is stated in the order of dismissal and has the same effect as *res judicata* as if rendered after trial, thus barring a subsequent suit on the same claim. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981); *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Mitchell v. National Broadcasting Co.*, 553 F.2d 265, 271 (2d Cir.1977); *Glick v. Ballentine Produce Co.*, 397 F.2d 590, 593 (8th Cir.1968).

This Court finding that the present claims asserted in this action are absolutely barred by the doctrine of *res judicata* by the final order entered by the Michigan Court, summary judgment will be entered in favor of Pioneer and against Faygo on Faygo's complaint.

## II. *Pioneer's Counterclaim*

As noted above, Pioneer has filed a counterclaim against Faygo seeking to recover $2,881.63 allegedly for transportation undercharges for specifically identified shipments due from Faygo. (D.I. 7.) The Court assumes that the counterclaim is compulsory in that it arises out of the transaction or occurrence that is the subject matter of Faygo's complaint. Rule 13(a), Fed.R.Civ.P. Pioneer's counterclaim, however, lacks independent grounds for jurisdiction because while the parties are of diverse citizenship, the amount in controversy raised by the counterclaim is less than $10,000 exclusive of interest and costs. Nevertheless, a compulsory counterclaim may be properly before the Court supported only by the jurisdiction ancillary to the original claim of the complaint. But a counterclaim before the Court only by virtue of ancillary jurisdiction may, in the discretion of the trial court, be dismissed without prejudice when the original claim upon which ancillary jurisdiction is based is disposed of prior to a determination of the counterclaim. *Wetherington v. Phillips,*

380 F.Supp. 426, 429 (E.D.N.C.1974); *United States v. Gregor J. Schaefer Sons, Inc.*, 272 F.Supp. 962, 964 (E.D.N.Y.1967). In this situation, the Court of Appeals for the Third Circuit in *National Research Bureau, Inc. v. Bartholomew*, 482 F.2d 386 (3d Cir.1973), has ruled:

> Although it is also generally conceded that the trial court has the discretion to retain jurisdiction over such a counterclaim for a decision on the merits if the dismissal of the original claim is on other than jurisdictional grounds, the preferred practice, at least where there has been no extensive proceedings on the counterclaim in Federal Court, is to dismiss the counterclaim so that the litigation will then have to be brought in state court, where, as an individual case, it properly belongs. This relieves the Federal Courts from deciding what have become routine non-diversity state claims.
>
> 482 F.2d at 388.

■ Considering the above admonition, the elements of fairness, convenience and economy and the proper function of a federal court in our federal system, the Court concludes, as a matter of discretion, that it should dismiss Pioneer's counterclaim without prejudice. It is true that Pioneer moved for summary judgment on its counterclaim on March 20, 1984 (D.I. 22), and supported that motion with an elaborate affidavit. (D.I. 22.) While Faygo did not file a counter-affidavit as required by Rule 56(e) or (f), Fed.R.Civ.P., Faygo's attorney in a reply brief and at oral argument represented to the Court that he had insufficient time before oral argument to determine the accuracy of the freight bills attached to Pioneer's affidavit that were submitted late. (D.I. 27, at 2.) This may have been caused by counsel agreeing to argue the summary judgment motion on the counterclaim earlier than they had originally agreed upon. (*See* D.I. 25.)

In any event, in fairness, this Court, if a motion had been made, would have afforded Faygo the time and opportunity to undertake discovery in order to determine the accuracy of the alleged undercharges which Pioneer seeks to recover. Consequently, the counterclaim is not ripe for decision. Thus, the Court concludes that the proceedings on the counterclaim have not been so extensive as to preclude the Court, in the interest of economy, from dismissing Pioneer's counterclaim without prejudice so as to leave this issue for a state court determination if the matter is to be pursued. Pioneer's counterclaim will be dismissed without prejudice.

An order will be entered in accordance with this Memorandum Opinion.