Catherine Yvonne STONE, Plaintiff,

v.

Randall Hank WILLIAMS,
Jr., Defendant.

Civ. A. No. 91–T–1015–N.

United States District Court,
M.D. Alabama, N.D.

Feb. 24, 1992.

David Cromwell Johnson, Leila Watson, Birmingham, Ala., for plaintiff.

Robert Segall, Montgomery, Ala., Christian Horsnell, W. Michael Milom, Barry Friedman, East Nashville, Tenn., for Williams.

Robert Weinberg, Montgomery, Ala., for Reese.

## ORDER

MYRON H. THOMPSON, Chief Judge.

This federal lawsuit arises out of plaintiff Catherine Yvonne Stone's efforts to enforce a 1989 state-court judgment that entitled her to share in the estate of her natural father, Hiriam "Hank" Williams, Sr. After finding in Stone's favor, the Alabama Supreme Court remanded her state lawsuit to the Circuit Court of Montgomery County for execution of the judgment. The circuit court joined Randall "Hank" Williams, Jr., the primary heir to the Williams estate, as an indispensable defendant. Williams, Jr. subsequently removed the action to this federal district court under 28 U.S.C.A. §§ 1331, 1441 on the ground that Stone's claims raised questions of federal law. This cause is currently before the court on Stone's motion to remand. For the reasons that follow, the court concludes that this motion should be granted and this lawsuit remanded to state court.

I. Background

The central dispute underlying this suit concerns the distribution of the estate of Williams, Sr., who died intestate in 1953.[1] At the time of his death, Williams, Sr.'s only living child was his son, Williams, Jr., the defendant in this action. Five days after Williams, Sr.'s death, however, a second child was born to his companion. This child, now an adult, is the plaintiff in this case and appears before the court under the name of Catherine Yvonne Stone. After her birth, pursuant to an agreement between Williams, Sr. and Stone's mother, Stone was adopted by the mother of Williams, Sr., Lillian Stone. At Mrs. Stone's death two years later, Stone was placed in foster care and eventually adopted again. Stone's adoptive family did not tell Stone of her connection to Williams, Sr.

In 1967, the Williams family petitioned the Montgomery County Circuit Court for final settlement of the estate of Williams, Sr. Because Stone's adoptive parents chose not to participate in the distribution, the court appointed a guardian to represent Stone's interests. As a result of proceedings held in 1967 and 1968, the court ruled that Williams, Jr. was the sole heir to the estate and that according to state law Stone, as an illegitimate child who had been twice adopted, had no right to inherit from Williams, Sr., even if he were her natural father.[2] In 1975, the Williams estate was closed.

Sometime after 1974, when she reached the age of majority, Stone discovered her connection to the Williams family and the possibility that she might be the natural child of Williams, Sr. In 1985, Stone wrote Williams, Jr., demanding a share in the renewal copyrights of her father's songs. Anticipating litigation over the renewal copyrights, Williams and the trustees for the shareholders of the original and renewal copyrights filed suit in the Circuit Court of Montgomery County seeking a declara-

---

**1.** For the purposes of the motion to remand, the court presents only a brief summary of the complicated factual and procedural background of this case. A more detailed version of the developments leading up to the 1989 Alabama Supreme Court decision is presented in *Stone v.*

*Gulf American Fire & Casualty Co.,* 554 So.2d 346 (Ala.1989).

**2.** The court found it unnecessary to resolve the issue of Stone's paternity.

tion that Stone had no right to share in the estate or copyrights of Williams, Sr.[3] Stone filed a counterclaim seeking to have the prior court orders vacated and her right to inherit recognized. In addition, Stone filed a third-party complaint against the estate administrators and sureties seeking to have the estate reopened on grounds of fraud.[4]

The trial court entered summary judgment in Williams, Jr.'s favor on all issues contained in his original complaint and in Stone's counterclaim, with the exception of the issue of Stone's paternity, which it reserved for trial. After the trial, the court found Stone to be the natural daughter of Williams, Sr., but concluded that this determination did not endow Stone with inheritance rights. Stone did not seek review of any the claims against Williams, Jr. The trial court also rejected Stone's charges of fraud and entered summary judgment in favor of all third-party defendants. Stone appealed the third-party claims filed against these defendants.

On appeal, the Alabama Supreme Court reversed the decision of the trial court on the third-party claims and concluded that the Williams estate should be reopened. In addition, the court held that Stone was entitled to one-half of the proceeds from the estate of Williams, Sr., from the date in 1985 on which she first asserted her claim. In so doing, the court effectively overturned the favorable judgment Williams, Jr. had obtained in the trial court and displaced Williams, Jr. from his position as sole heir to the Williams estate. Williams,

Jr., who had not been a party to the appeal of the third-party claims, unsuccessfully sought leave to appear before the Alabama Supreme Court for the purpose of seeking to vacate or modify the decision. After the court denied his motion, Williams, Jr. filed a petition for a writ of certiorari in the United States Supreme Court but this, too, was denied. The Alabama Supreme court remanded Stone's third-party claims back to the trial court for further proceedings consistent with its opinion.

On remand, the Circuit Court of Montgomery County, on its own motion, added Williams, Jr. as a necessary defendant. At Williams, Jr.'s request, the court ordered Stone to file a complaint against Williams, Jr. that would give this new defendant notice of the claims against him. Stone filed her "Amended Complaint" on July 29, 1991. On August 27, 1991, Williams, Jr. removed the state case to this court.[5]

## II. Discussion

 Under the federal removal statute, the defendant to a civil action filed in state court may remove that action to the United States district court in the district within which the action is pending if the district court has original jurisdiction over that action. 28 U.S.C.A. § 1441. The right to remove a case from state to federal court is purely statutory, *Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217, 1219 (M.D.Ala.1991), and regard for the independence of state courts requires that the district court construe this statute strictly against the party seeking removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313

---

**3.** In his complaint, Williams, Jr. sought the following relief: that the court uphold the prior orders and enjoin Stone from making further claims on the estate or copyrights of Williams, Sr.; that, if the court modified the prior orders, the court proceed to adjudicate the rights of the parties with respect to Williams, Sr.'s estate and the copyright and renewal copyright interests in his compositions; and such further relief as the court deemed appropriate. *Stone v. Gulf American,* 554 So.2d at 348 n. 2.

**4.** In her third-party claim against the administrators of the estate and the sureties, Stone made three requests: that the estate be reopened and that she receive her share in it; that she be awarded punitive damages against the

administrators; and that the sureties compensate her for damages not recovered against the other defendants. *Stone v. Gulf American,* 554 So.2d at 348–49.

**5.** Williams, Jr. has also filed a separate federal action, *Williams v. Adkinson,* 792 F.Supp. 755 (M.D.Ala.1992), challenging the decision of the Alabama Supreme Court on the ground that it violates his constitutional rights. The complaint filed in that lawsuit is essentially identical to the counterclaim Williams, Jr. has filed in this case and Williams, Jr. has moved to have the two actions consolidated. Because this court lacks subject-matter jurisdiction over the state court suit, the motion to consolidate must be denied.

U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The burden of establishing all elements of jurisdiction falls upon the party who has invoked the federal court's jurisdiction by removing. *Alexander*, 772 F.Supp. at 1219; *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Dec. 10, 1981) (Unit A).

## A. *Timeliness of the Notice of Removal*

■ The court first considers the timeliness of Williams, Jr.'s notice of removal. The statute requires a defendant seeking removal to file a notice of removal "within thirty days after receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief ..., or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C.A. § 1446(b). Here, the parties disagree over what constitutes the "initial pleading" for purposes of Williams, Jr.'s notice of removal. Stone contends that the 30–day period began to run either when Williams, Jr. initiated his declaratory judgment action in state court in 1985 or when Williams, Jr. was added as a party to the reopened estate action in August 1990. Under Stone's theory, Williams, Jr.'s notice of removal, filed August 27, 1991, was filed well after the time limit had expired. Williams, Jr. insists that only Stone's amended complaint, filed on July 29, 1991, meets the definition of an "initial pleading" developed by federal courts and that he filed his notice of removal within 30 days after his receipt of the amended complaint.

Keeping in mind the unusual procedural development of this case, the court concludes that Stone's amended complaint filed on July 29, 1991, constitutes the "initial pleading" against Williams, Jr. for the purposes of the removal statute and that Williams, Jr.'s removal notice was therefore timely filed. The purpose of measuring the period for removal from the date of service of the initial pleading is to ensure that the defendant will be able to ascertain, from the face of that pleading, the nature of the claims against him and the availability of removal. 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 3732 at 516–17 (2d ed. 1985 & Supp.) ((citing *Ardison v. Villa*, 248 F.2d 226 (10th Cir.1957)). In this case, the original third-party complaint filed by Stone in 1985 did not state any claims against Williams, Jr. Moreover, since Williams, Jr. was not a party to the original action, he was without power to seek its removal. It was only after Williams, Jr. was joined by the circuit court as an indispensable party *and* served with an amended complaint which named him as a defendant that Williams, Jr. possessed both the legal right and the necessary information to file his notice of removal. Where the case stated by the initial complaint would not be removable by the defendant, a subsequent amendment to the complaint which provides a new basis for removal or makes the action a "new suit" may restart the limitations period. 28 U.S.C.A. § 1446(b); *Miller v. Stauffer Chemical Co.*, 527 F.Supp. 775 (D.C.Kan. 1981); *see also O'Bryan v. Chandler*, 496 F.2d 403 (10th Cir.), *cert. denied*, 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974). Applying these principles, the court finds that the limitations period in this case must be measured from the date Stone filed her amended complaint.

Neither of the other events suggested by Stone fulfills the requirements of the removal statute since neither provided Williams, Jr. with sufficient notice of the claims against him in this action. It is inconceivable how the declaratory judgment action filed by Williams, Jr. himself in 1985 could have provided him with "notice" of the claims Stone has now raised against him and thus triggered the statutory limitations period. First, as plaintiff in that action, Williams, Jr. was without power to seek its removal. *See* 28 U.S.C.A. § 1441(a) (reserving to defendant right to seek removal). Second, the current action arises not out of Williams, Jr.'s claim for declaratory judgment, in which he prevailed and from which Stone did not appeal, but from the third-party lawsuit filed by Stone in 1985 against the administrators of the estate and the sureties. Williams, Jr.

was not named as a defendant in that action before the circuit court nor was he a party to the appeal heard by the Alabama Supreme Court. Stone has failed to suggest how pleadings filed in proceedings to which Williams, Jr. was not a party could fulfill the statutory definition of an initial pleading or provide Williams, Jr. with adequate notice of the claims against him in this action. *See Growth Realty Companies v. Burnac Mortgage Investors, Ltd.,* 474 F.Supp. 991 (D.P.R.1979) (pleadings filed in separate case involving different parties does not commence limitations period).

■ Alternatively, Stone contends that the 30–day period should be measured from the date the state trial court added Williams, Jr. as a defendant in this lawsuit. On August 7, 1990, the court issued a one-page order adding Williams, Jr. as an indispensable defendant. No other papers were served on him at that time. A summons or similar writ that does not set forth the nature of the claim against a defendant is not an "initial pleading" and does not commence the limitations period. 14A Wright, Miller, & Cooper, *Federal Practice & Procedure* § 3732 at 516–17; *See also IMCO USA, Inc. v. Title Ins. Co.,* 729 F.Supp. 1322 (M.D.Fla.1990). After he was joined as a defendant, Williams, Jr. sought an order requiring Stone to file a complaint against him so that he could ascertain the nature of her claims. The fact that the state court granted Williams, Jr.'s petition confirms this court's conclusion that the pleadings or other papers served on Williams prior to the filing of Stone's amended complaint did not adequately set forth the claims against him.

### B. *Federal–Question Jurisdiction*

■ Williams, Jr. contends that removal is proper because this court has original federal-question jurisdiction over Stone's claim. For the purposes of § 1441, the existence of a federal question is determined by the plaintiff's complaint as it stands at the time of removal. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918). Under this "well-pleaded complaint" rule, if allegations in the complaint do not bring the case within the removal jurisdiction of the district court, "[the suit] cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant." *Great Northern Ry. Co.,* 246 U.S. at 281, 38 U.S. at 239; *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). Most often, this restriction serves to deny removal to cases where the federal question is first raised in the defendant's answer. *See, e.g., Louisville & N. Ry. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). In addition, however, courts have held that a defendant's counterclaim constitutes a "subsequent pleading by the defendant," and that, consequently, a federal question raised by the defendant in a counterclaim does not furnish an independent basis for removal jurisdiction.[6] *Alabama Dept. of Environmental Mgmt. v. Southern Clay & Energy,* 737 F.Supp. 80, 81–82 (N.D.Ala.1990); *see also F.D.I.C. v. Elefant,* 790 F.2d 661, 667 (7th Cir.1986); *Cook v. Georgetown Steel Corp.,* 770 F.2d 1272 (4th Cir.1985); *Takeda v. Northwest Nat'l Life Ins. Co.,* 765 F.2d 815, 822 (9th Cir.1985) (collecting cases). The cases cited by Williams, Jr. are not to the contrary.[7]

---

6. Because lack of subject-matter jurisdiction is a non-waivable error that may be raised *sua sponte* by the court, Stone's failure to object to Williams, Jr.'s reliance on federal questions presented by his counterclaim does not shield this flaw from the court's consideration.

7. Williams, Jr. relies primarily upon *Duncan v. First National Bank,* 597 F.2d 51 (5th Cir.1979), as support for his claim that a state-court suit

may be removed on the basis of a federal counterclaim. *Duncan* involved a state-court suit to quiet title. The defendants in that case, a bank and the United States, petitioned for removal within one month of the date the suit was filed. The United States did not file its answer and counterclaim until two and a half years *after* the notice of removal had been filed. Therefore, any federal question raised in the counterclaim

■ Williams, Jr. argues that application of the "well-pleaded complaint" rule to preclude consideration of a defendant's compulsory counterclaim "would defy logic," Defendant's Brief at 92, and that permitting federal courts to exercise removal jurisdiction on the basis of a federal counterclaim is a preferable interpretation of the removal statute. Addressing this very concern, the Supreme Court has acknowledged that exclusive reliance upon the allegations in the plaintiff's complaint "may produce awkward results," as in cases in which a federal defense may be dispositive. *Franchise Tax Board,* 463 U.S. at 12, 103 S.Ct. at 2847. Nonetheless, the Court has explicitly declined to modify this rule. *Id.* at 10–11, 103 S.Ct. at 2846–47.[8] Therefore, this court confines its scrutiny to the allegations of Stone's complaint, not those set forth in Williams, Jr.'s counterclaim, in order to determine whether this lawsuit raises a federal question.

■ In the "Amended Complaint and Petition for Settlement of the Estate" filed against Williams, Jr., Stone invokes the Alabama Supreme Court decision awarding her a share of the Williams estate and requests that the state trial court marshal the proceeds of the estate and distribute them in accordance with that decision. Thus, on its face, Stone's complaint presents no federal question; she seeks merely the execution of the judgment which was entered based on a decision of the state supreme court in a case within the state court's probate jurisdiction.

Williams, Jr. offers two related theories to support his claim that Stone's suit "arises under" federal law. First, he urges this court to consider the claims made in Stone's original third-party complaint, filed in 1985 against the administrators of the estate, as the basis for federal removal jurisdiction rather than the amended complaint filed against him in this action. In her third-party complaint, Stone sought to have the previous judgments regarding Williams, Sr.'s estate set aside on grounds of fraud and requested that the court determine anew the issue of her right to share in the estate. As the decision of the Alabama Supreme Court eventually made clear, resolution of Stone's inheritance rights turned upon the interpretation of federal constitutional and common law.[9] Williams, Jr. argues that Stone's claim to the estate therefore "arises under" the Constitution and laws of the United States.

■ The federal questions Williams, Jr. identifies do not support the removal of this suit because these questions were not before the state court on remand. The substantive legal issues concerning Stone's right to share in the estate have been finally resolved by the Alabama Supreme Court. *See Stone v. Gulf American,* 554 So.2d 346 (Ala.1989). That court specifically elected to address the federal and state law ques-

---

would not have been before the district court when it resolved the removal motion and could not possibly have provided the basis for removal jurisdiction.

On appeal, the unsuccessful *Duncan* plaintiff argued that, because the state court lacked jurisdiction of the suit to quiet title, the federal court upon removal also lacked jurisdiction over the plaintiff's original claim and over any subsequent counterclaims. The federal court rejected this argument on the ground that even if the district court lacked proper jurisdiction over the suit to quiet title, there was an independent basis for federal jurisdiction in the counterclaim later added in federal court. The court cited *National Research Bureau, Inc. v. Bartholomew,* 482 F.2d 386, 388–89 (3d Cir.1973), as authority. *Bartholomew* held that a federal court may retain jurisdiction over a counterclaim after the original claim has been dismissed if the counterclaim provides an independent basis for federal jurisdiction. Because nei-

ther *Bartholomew* nor *Duncan* discuss the requirements for removal jurisdiction, these cases do not support Williams, Jr.'s contention that a counterclaim added in state court may provide a basis for removal jurisdiction in federal court.

8. In *Franchise Tax Board,* the Court recognized that some commentators advocate expanding removal jurisdiction but observed that "those proposals have not been adopted." *Id.* at 10 n. 9, 103 S.Ct. at 2847 n. 9.

9. Specifically, Williams, Jr. contends that resolution of Stone's claims required the court both to confront the equal protection challenge implicit in Stone's claim and to apply federal common law principles to determine the retroactivity of Supreme Court decisions regarding inheritance rights of illegitimate offspring to cases already settled at the time these decisions issued.

tions raised by Stone's suit *"rather than remand the cause to the trial court." Id.* at 363 (emphasis added). Thus upon remand, and at the time Stone served her amended complaint against Williams, the only issues remaining in Stone's suit concern the execution of the state court judgment. It is the allegations in the complaint *at the time of removal* that determine the availability of federal jurisdiction on removal, not the claims addressed in some previous stage of the litigation nor the defenses the defendant may raise in response to the state law claims. *In re Carter,* 618 F.2d 1093, 1101 (5th Cir.), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1980).[10]

In a variation on this same argument, Williams, Jr. next contends that Stone's claims in this lawsuit arise under federal law because she seeks to enforce a decision of the Alabama Supreme Court which sets forth a theory of recovery based upon federal law. Williams, Jr. would have this court find that, because Stone relies on a state-court decision that interprets Supreme Court precedent, this court enjoys original federal-question jurisdiction over Stone's claim. Again, Williams, Jr. overlooks the fact that the legal and factual findings of the Alabama Supreme Court are not subject to review by the state trial court on remand. The trial court's mandate in this instance, as described in Stone's amended complaint, is to implement the decision of the higher court. Although the source of the state-court judgment may lie in federal constitutional law, it is still the state court's judgment, and not federal law, that Stone seeks to have enforced. *Cf. Gully v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936) (where plaintiff seeks to enforce state statute fact that federal law laid basis for statute does not confer removal jurisdiction on federal court); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (fact that

state-law claim involves construction of federal law does not give rise to federal question).

Because Stone's complaint presents no question of federal law, this court lacks subject-matter jurisdiction over her suit. The court therefore will remand this case for further proceedings in state court. 28 U.S.C.A. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also* 1A J. Moore, B. Ringle, & J. Wicker, *Moore's Federal Practice* ¶ 0.169[1] at 678–79 (2d ed.1990).[11]

Accordingly, for the above reasons, it is the ORDER, JUDGMENT and DECREE of the court that the plaintiff's motion to remand, filed September 10, 1991, is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this entire cause, including both the complaint and any counterclaims, be and it is hereby remanded to the Circuit Court of Montgomery County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

---

10. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

11. Stone urges the court to dismiss Williams, Jr.'s counterclaims on various grounds. Lacking subject-matter jurisdiction over this case, the court reserves Stone's question for resolution after remand.